[No. 5315. Decided March 6, 1905.]

P. C. ELLSWORTH, *Respondent*, v. F. W. LAYTON *et al.*, *Appellants.*[1]

MECHANICS' LIENS—DATE OF COMPLETION OF WORK—SUPPLYING OMISSIONS AFTER ACCEPTANCE OF BUILDING. Where a building was accepted as completed in October, and a mechanics' lien was not filed until April, findings to the effect that the lien was not filed within the required time after the completion of the building are sustained, notwithstanding that, on January 6, metallic flashings, that had been inadvertently omitted, were put over six windows on the demand of the owner, and on February 16, certain drain tile was relaid, where it appears that such work was in the nature of repairs to remedy defects not apparent at the time of the acceptance of the building.

APPEAL AND ERROR—REVIEW—OBJECTIONS—SUBSTITUTION OF PARTIES WITHOUT AMENDING PLEADINGS. Error cannot be predicated on the failure to amend the pleadings at the time of making a substitution of parties, when no objection thereto was made in the court below.

APPEAL AND ERROR—REVIEW—PLEADINGS—AMENDMENTS TO CONFORM TO PROOF. In an equity case, tried *de novo* in the supreme court, an insufficient pleading will be considered amended to conform to the proof.

Appeal from a judgment of the superior court for King county, Bell, J., entered April 2, 1904, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mortgage. Affirmed.

[1]Reported in 79 Pac. 947.

There was testimony tending to show that the building was turned over and accepted as completed in October. On January 6, upon the demand of the owner, the contractor put metallic flashings over six windows that had been inadvertently omitted, and on February 13, certain drain tile was relaid. There was testimony tending to show that this work was to remedy leaks that had developed at the windows and in the drain, and was in the nature of repairs to remedy defects in the work that were not apparent at the time of the acceptance of the building.

*Wilshire & Kenaga,* for appellants, contended, among other things, that the acceptance of the building did not constitute a completion of the contract. *Orlandi v. Gray,* 125 Cal. 372, 58 Pac. 15; *Mitchell v. Williams,* 80 N. Y. Supp. 864; *Cannon v. Hunt,* 116 Ga. 452, 42 S. E. 734; *Utah Lumber Co. v. James,* 25 Utah 434, 71 Pac. 986. The doing of the work and not its acceptance fixes the date when the limitation for filing the lien commences to run. 20 Am. & Eng. Ency. Law (2d ed.), 396; *Jones v. Kruse,* 138 Cal. 613, 72 Pac. 146; *General Fire Ext. Co. v. Chaplin,* 183 Mass. 375, 67 N. E. 321; *Washington Bridge Co. v. Land & River Imp. Co.,* 12 Wash. 272, 40 Pac. 982; *Joralmon v. McPhee,* 31 Colo. 26, 71 Pac. 419. Whatever is necessary to complete the work under the specifications is work done under the contract, and the limitation does not begin to run until the last item is furnished. *General Fire Ext. Co. v. Schwartz Bros. Com. Co.,* 165 Mo. 171, 65 S. W. 318; *Farnham v. Richardson,* 91 Me. 559, 40 Atl. 553; *McIntyre v. Trautner,* 63 Cal. 429; *Watts-Campbell Co. v. Yuengling,* 125 N. Y. 1, 25 N. E. 1060; *Minneapolis Trust Co. v. Maxfield,* 81 Minn. 28, 83 N. W. 463; *McCarthy v. Groff,* 48 Minn. 325, 51 N. W. 218; *Cole v. Uhl,* 46 Conn. 296; *Stidger v. McPhee,* ·

15 Colo. App. 252, 62 Pac. 332; *New England etc. Co. v. Oakwood St. R. Co.,* 75 Fed. 162. It is immaterial that the amount of the last work done is small, if it is done on the demand of the owner, claiming that the contract had not been fully performed. *Farnham v. Richardson, supra; McLean v. Wiley,* 176 Mass. 233, 57 N. E. 347; *Miller v. Wilkinson,* 167 Mass. 136, 44 N. E. 1083; 20 Am. & Eng. Ency. Law (2d ed.), 398, note 12. The time for filing the lien begins to run from the date when defects and omissions are supplied by the lien claimant. *Coughlan v. Longini,* 77 Minn. 514, 80 N. W. 695; *Conlee v. Clark,* 14 Ind. App. 205, 42 N. E. 762; *Jeffersonville Water Supply Co. v. Riter,* 138 Ind. 170, 37 N. E. 652; *Worthen v. Cleaveland,* 129 Mass. 570; *Nichols v. Culver,* 51 Conn. 177; *St. Louis Nat. Stock Yards v. O'Reilly,* 85 Ill. 546; *Gordon Hardware Co. v. San Francisco etc. R. Co.,* 86 Cal. 620, 25 Pac. 125; *Riggs Fire Ins. Co. v. Shedd,* 16 D. C. App. 150. The owner is estopped to assert that the contract was completed before additional work demanded by him was performed. *Minneapolis Trust Co. v. Great Northern R. Co.,* 74 Minn. 30, 76 N. W. 953; 20 Am. & Eng. Ency. Law (2d ed.), 399.

*Roberts & Leehey,* for respondent. Where a building is accepted as completed, repairs by the contractor on a discovery of defects will not extend the time for filing a mechanics' lien. *Avery v. Butler,* 30 Ore. 287, 47 Pac. 706; *Harrison v. Women's Homeopathic Ass'n,* 134 Pa. St. 558, 19 Atl. 804, 19 Am. St. 714; *Burleigh Bldg. Co. v. Merchant Brick etc. Co.,* 13 Colo. App. 455, 59 Pac. 83; *Central Trust Co. v. Chicago etc. R. Co.,* 54 Fed. 598.

PER CURIAM.—This action was brought by respondent Ellsworth, as assignee of one Munson, against H. J. Bailey and Edna Bailey, his wife, to recover judgment for

$2,000, with interest and costs, on two promissory notes, and to foreclose the mortgage of even date with said notes, upon lot 22, block 4, Capitol Hill Addition to the city of Seattle. Different parties who claimed interest in the land were made defendants, among them the appellants in this case. The particular manner in which the different parties to this action were brought into court is not material, for the pertinent question in the case is the right of the appellants to a lien upon the land sought to be foreclosed. The court found that the liens filed by the appellants were not filed within the statutory time after the completion and acceptance of the work for which the liens were filed. The work having been completed and accepted during the first days of October, and the lien being filed on the 3d day of April, the time at which the work on the building involved was completed is the question of fact which determines the appellants' rights in this case. That fact was found against the appellants by the trial court, and, from an examination of the record, we are satisfied that such finding was justified by the testimony in the case, and that the rights of the parties were properly fixed by the judgment of the court.

There is no merit in the contention that the judgment was invalid because the pleadings were not amended on behalf of the substituted parties. The parties appellant were represented at the time of the substitution, and made no objection thereto, at any time, and no request that the pleadings be amended. The assignments, and the testimony in relation to the same, were introduced at the trial without objection. No prejudice in any event could attach to the appellants, for the only question at issue was the priority of the liens. In addition to this, this court, in the trial of an equity cause, would consider an insufficient pleading as amended to correspond with the facts proved.

There seems to have been no exception taken to the finding of the court in relation to the separate property of Edna Bailey, and we are unable to understand in what way it affects the appellants' rights in this case, even if the court should have erred in regard to such findings.

There not appearing any error in the record, the judgment is affirmed.