[No. 8977.   Department Two.   November 22, 1910.]

A. J. FINLAY et al., *Plaintiffs,* v. LOUIS TAGHOLM et al., *Respondents,* BALLARD LUMBER COMPANY, *Appellant.*[1]

MECHANICS' LIENS—NOTICE—MAILING — NECESSITY.   Under Rem. & Bal. Code, § 1133, requiring a duplicate statement of all materials to be delivered or mailed to the owner "at the time" such material is delivered, a mechanics' lien cannot be claimed where it is admitted that the notice was not mailed until some indefinite time, a few weeks or a month, after delivering the materials.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered April 18, 1910, upon findings in favor of the plaintiffs, after a trial on the merits before the court without a jury, in an action to foreclose a materialman's lien.   Affirmed.

[1]Reported in 111 Pac. 782.

*J. P. Wall*, for appellant.

*Peters & Powell*, for respondents.

CHADWICK, J.—The Ballard Lumber Company, on the 28th and 31st days of July 1909, furnished lumber of the value of $137.83 to Tagholm & Jensen, contractors, who were at that time engaged in building a dwelling house for respondent Nelson. The lower court found, that the material was actually used in the construction of the building; that it was of the reasonable value of $137.83; and further, "that at the time such materials were delivered to be used in the construction of said building, the Ballard Lumber Company did not deliver or mail to the owners or any one of them a duplicate statement of all such materials so delivered; that on the 20th day of October, 1909, the Ballard Lumber Company filed its duly verified notice of claim of lien in the office of the auditor of King county, Washington, as required by law, for which filing it paid the sum of 65 cents." The one question to be decided is whether the item was lienable under the statute. The law is:

"Every person furnishing material . . . . shall, at the time such material or supplies are delivered to any person or contractor, deliver or mail to the owner, or reputed owner, of the property, on, upon or about which said materials or supplies are to be used, a duplicate statement of all such materials." Rem. & Bal. Code, § 1133.

From a decree holding that appellant had not complied with the statute and could not charge the building by lien, this appeal is prosecuted.

There is testimony tending to show that the duplicate statements required by the statute were made out, but we think the court properly held that appellant failed to show a compliance with the statute. The testimony upon this point is brief. Mr. Fisher, the secretary of appellant, testified:

"Q. Did you mail them yourself? A. No, I did not mail them. Q. Who did? A. Miss McLean, the stenographer

in the office. . . . Q. What time was that mailed, if you know? A. I don't remember the exact time. Q. Was it near the time of delivery? A. It was after the stuff had been delivered. Q. A short time after? A. A short time after, yes. . . . Q. It might have been in September, might it not? A. Well, if I had to swear to it I would not swear it was August. I could not swear to it because I don't remember."

Miss McLean, the stenographer, testified as follows:

"Q. You don't remember when you mailed these bills, do you? A. No, I don't remember when I mailed them. Q. You mailed them at the same time that you mailed your statements to Noyes and Dutton? A. No, I did not mail them just at that time. Q. Was it some time afterwards? A. Some time afterwards, yes. Q. You don't recall how long afterwards? A. I don't remember just how long afterwards it was."

It is contended that the statute should be construed not strictly but liberally, in order to secure liens for materialmen and laborers, and being so construed, a few days' delay—admitting the notice to have been sent at all—was not so unreasonable as to defeat the right of lien. The answer to this argument is that the statute requires no construction. Its terms are plain and its object evident. The law is that a duplicate statement shall be delivered or mailed to the owner or reputed owner "at the time" the material is delivered to the contractor. While a reasonable time might be taken, in the absence of a positive showing this court cannot say, as is contended by appellant, that a few weeks' or a month's delay would be excused. This would defeat the law entirely, it being within itself a complete act (*Spokane Grain & Fuel Co. v. Lyttaker*, 59 Wash. 76, 109 Pac. 316), and its purpose being, not so much to insure a right of lien, as to protect property owners against dishonest contractors.

The cases cited by appellant, *Strandell v. Morgan*, 49 Wash. 533, 95 Pac. 1106, and *Cascade Lumber Co. v. Aetna Indemnity Co.*, 56 Wash. 503, 106 Pac. 158, are not in point. In each of them there was a primary liability, and the court

held that the bounden party could not escape payment unless
it was shown that the omission of the notice required by the
contract or statute had misled the party to his disadvantage.
Here there was no primary liability, but only such as the stat-
ute created.   The benefit of the statute depends upon a com-
pliance with its terms.

The judgment of the lower court is affirmed.

RUDKIN, C. J., DUNBAR, CROW, and MORRIS, JJ., concur.