[No. 9187.  Department One.  March 3, 1911.]

## W. M. Yundt, *Respondent*, v. Schultz-Degginger Company, *Appellant*.[1]

MECHANICS' LIENS — CONTRACT — ORDER — GUARANTY — BREACH. Where plaintiff failed to install heating apparatus in compliance with its guaranty, it cannot claim a mechanics' lien for a pump necessarily installed to correct the defect, ordered by the defendant after conferring on the matter, although nothing was said about who was to pay for the pump, it not being claimed that the pump was not a reasonable and the cheapest remedy for the defect.

Appeal from a judgment of the superior court for King county, Frater, J., entered July 12, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to foreclose a mechanics' lien.  Reversed.

*Leopold M. Stern* (*J. W. Russell* and *W. H. B. Thomas*, of counsel), for appellant.

*Keenan & Hardinger*, for respondent.

Dunbar, C. J.—This is an action for the foreclosure of a mechanics' lien on the premises of the appellant in Seattle, King county, Washington.  The complaint alleged that the

[1]Reported in 113 Pac. 760.

plaintiff sold and delivered to defendant $99 worth of material, and did $18.50 worth of work in installing the same in an apartment house belonging to it; contained the usual allegations of a complaint for the foreclosure of a mechanics' lien; and prayed for judgment. The answer admitted the ownership of the land, and put in issue all the other allegations of the complaint. It contained an affirmative defense, wherein it was alleged that the plaintiff took the contract to install a steam-heating apparatus in the house in question, and guaranteed that the same would heat the house to a certain temperature; that plaintiff did install the heating plant; that the defendant had paid the full contract price therefor; that the said apparatus failed to heat the house as provided in said contract of guaranty; and that the plaintiff furnished the materials and did the work for which the lien was claimed for the purpose of making good the said guaranty. The reply denied the allegations of defendant's affirmative answer.

It appears from the testimony, and indeed it is not questioned by the respondent, that the affirmative matters set forth in the answer of the appellant are substantially true. It was proven, and not denied, that the respondent had taken the contract to install the heating plant mentioned in the answer, and that in the contract was incorporated the following guaranty:

"When the apparatus herein proposed is finished in accordance with the above specifications, I guarantee that it will heat all rooms and halls in which radiators are set to a temperature of seventy degrees in the coldest weather."

This plant was installed and, upon its completion, the appellant paid the contract price, to wit, $2,705. The court in this case seems to have ignored altogether the affirmative answer of the appellant, and made findings of fact on matters which were not in issue, viz., the fact that the respondent had furnished and installed the pump for which the lien was claimed. This fact was candidly admitted by the respondent, but his claim is, as we have indicated, that this work was done

and this pump installed for the purpose of remedying the defect in the apparatus placed in the building under the first contract; and the insistence is that it was the respondent's duty to remedy such defect, and that the appellant is not obligated to him for the cost of such remedy. That the provisions of the guaranty were not complied with was testified to by the appellant and by two other competent witnesses, and is not denied by any one, the respondent satisfying himself with the statement that he had been ordered by the appellant to send for and install this pump, and that he had done so.

From the testimony it appears that it was absolutely impossible to heat the rooms in the building with the original apparatus, the president of appellant company testifying that it worked all right when it was first tested, and believing it to be all right, he paid the contract price; but that when the cold weather came it would not heat the house; that in some of the radiators one coil would heat and the balance remain cold, and in others, two or three of the coils would heat and the balance remain cold, and that the temperature was nowhere near seventy degrees; that it was so cold that the tenants threatened to leave, and some of them did move out. He also testified that he called the attention of the respondent to the matter, and called in another steam-heating man to examine it, and that upon such examination it developed that the discharge pipes were trapped so that the cold water in the radiators could not be forced out, and that if an exhaust pump was put in to exhaust the water from the discharge pipes, it would heat all right; that something had to be done right away, and that he told the respondent to put in the pump; that when the pump was put in and started, it pumped the water out of the discharge pipes, and the heating apparatus worked all right, heated all the coils in the radiators, and heated the whole building, in compliance with the contract. It is true there did not seem to have been any great amount of talk between the appellant and the respondent on the subject. It appears, however, that the attention of the respond-

ent was called to the defect; that he gave the appellant a catalogue containing a description of pumps; that the appellant examined this catalogue and told him to send for and install this particular pump, and that there was nothing said at that time about who should pay for it.

The main contention of the respondent is based upon the fact that the appellant ordered this pump. There is no question but that the appellant told the respondent to send for the pump, but that does not militate against its contention, for it could have sent for it itself and could have installed it itself, or had it installed by some other mechanic, or it could have remedied the defect in any way which was practicable and reasonable and have had recourse on the respondent, or it could have sued the respondent for damages for failure to comply with the contract under the terms of the warranty; and the fact that it did not do very much talking about it does not deprive it of any right which it had under the warranty. It had called the attention of the respondent to the defect, and had consulted about the remedy. It might be that, if the appellant had insisted upon having the defect remedied in some particular way, as by the installment of this pump, and that it had failed to remedy the defect, it would be held responsible for having chosen an unreasonable remedy. But there is no attempt here to show that the remedy was not a reasonable one, or in fact that it was not the cheapest and best remedy available. Certain it is that the conditions of the guaranty were not complied with. It is just as certain that it was the duty of the respondent to make good his contract, and that it has been made good by the installment of this pump. Under such circumstances it would seem that the appellant should not be held liable for the correction of a mistake made by the respondent, and that no lien should attach.

The judgment is reversed, with instructions to dismiss the action.

MOUNT, PARKER, FULLERTON, and GOSE, JJ., concur.