[No. 9091. Department One. March 8, 1911.]

A. J. FINLAY et al., *Plaintiffs*, v. LOUIS TAGHOLM et al., *Respondents*, W. P. FULLER & COMPANY, *Appellant*.[1]

MECHANICS' LIENS—MATERIALMAN—CONTRACT—EVIDENCE—SUFFICIENCY. A corporation did not furnish material on the credit of the owners of the property, where it appears that it furnished the same under an agreement with contractors, and the alleged substitution of the credit of the owners was by an agent without authority, and at a later time than alleged, it being after part of the materials were furnished.

SAME—NOTICE—DUPLICATE STATEMENTS. Under Rem. & Bal. Code, § 1133, requiring duplicate statements of material furnished to contractors to be given to the owner at the time the materials are delivered, one duplicate statement, given when the last of the materials are furnished, is insufficient.

SAME—DUPLICATE STATEMENT—EXCUSE. The duplicate statements to the owners of materials furnished to contractors, required by Rem. & Bal. Code, § 1133, to be given when the materials are furnished, is not excused by the fact that the owner had notice that

[1]Reported in 113 Pac. 1083.

.they were being furnished, said section providing that no material-man's lien shall be filed unless the provisions of the statute are complied with.

SAME—WHO IS MATERIALMAN—SUBCONTRACTORS. A corporation furnishing to contractors the sashes, doors and glass for a building is not a subcontractor or entitled to file a lien as such.

Appeal by cross-complainant from a judgment of the superior court for King county, Gilliam, J., entered April 18, 1910, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to foreclose a materialman's lien. Affirmed.

*Cassius E. Gates* and *Farrell, Kane & Stratton,* for appellant.

*Peters & Powell,* for respondents.

Gose, J.—The appellant, W. P. Fuller & Company, a corporation, by this appeal seeks to have a lien declared against the property of the respondents Tagholm, Jensen, and Nelson, for the sum of $2,184.54, with interest and costs. The trial court decreed it a lien to the extent of $112.40 for extras, but denied the lien for the larger amount. The court found that, on the 21st day of April, 1909, the appellant entered into an agreement with Noyes & Dutton, who had a contract with the respondents for the construction of a building on their property, to furnish certain material to the contractors to be used in the construction of the building, at the agreed price of $2,184.54; that the appellant commenced furnishing material on the 22d day of June, and continued until the 10th day of September, 1909, when the delivery was completed; that the material was used in the construction of the building, and "that at the time such materials were delivered to be used in the construction of said building, W. P. Fuller & Company did not deliver or mail to the owners, or any of them, a duplicate statement of all such materials so delivered." It is conceded that the appellant did not deliver or mail to the respondents a duplicate or any statement of the material de-

livered to the contractors, until the day following the last
delivery of the material.

The appellant asserts the right to a lien upon three
grounds: (1) That after agreeing with the contractors to
furnish the material, one P. Nelson, an agent for the re-
spondents, agreed with the appellant that the credit of the
respondents should be substituted for that of the contractors;
(2) that the delivery of the duplicate statement after the last
delivery of the material, the respondent having actual notice
that the appellant was furnishing the material, satisfies the
statute, and (3) that the appellant was a subcontractor.

Upon the question of agency, the trial court held that
P. Nelson had no authority to bind the respondents for the
payment of the material. There is abundant evidence to sup-
port this view. Moreover, a reading of the testimony has con-
vinced us that the first conversation he had with the agents of
the appellant was after July 24, instead of before June 10, as
the appellant insists. We think this is made clear from the
fact that, on the former date, a considerable sum of money was
paid to Dutton, one of the contractors, who on that day or the
day following, abandoned the work and disappeared. Some
of the appellant's witnesses testified that, in the first conver-
sation with Nelson, when he agreed that the respondents would
pay for the material, he referred to the fact that Dutton had
left, and that knowing that fact the appellant would not have
delivered the material except upon the credit of the respond-
ents.

Appellant agreed with the contractors to, and did, furnish
the sashes, doors, and glass for the building. The delivery
began on June 22, and continued as needed until September
10, when the last material was delivered. On September 11,
the appellant delivered to the respondents a duplicate state-
ment of the materials furnished. The material was used in the
construction of the building, and the evidence justifies the
conclusion that the respondents knew who furnished it. Laws
1909, p. 71, § 1 (Rem. & Bal. Code, § 1133), provides

that every person furnishing material to be used in the construction of a building

"Shall, at the time such material or supplies are delivered to any person or contractor, deliver or mail to the owner, or reputed owner, of the property, on, upon or about which said materials or supplies are to be used, a duplicate statement of all such materials or supplies delivered to any contractor or person to whom any such materials or supplies have been sold or delivered, and no materialman's lien shall be filed or enforced unless the provisions of this act have been complied with."

Appellant's second contention cannot be upheld without nullifying the statute. In meeting a similar contention in *Finlay v. Tagholm*, 60 Wash. 539, 111 Pac. 782, we said that the statute needs no construction, and "that its terms are plain and its object evident." There is no primary obligation on the respondents. In order for the appellant to get the benefit of the statute, it must comply with its terms. In arguing for a liberal interpretation, the appellant says that "such a strict construction of the law would defeat the objects for which the law was enacted." The statute, however, upon which the right to claim a lien must depend, says "that no materialman's lien shall be filed or enforced unless the provisions of this act have been complied with." The legislature has made no exception for cases where the owners of the property have knowledge that the material is being furnished. The appellant has cited *Breneman v. Beaumont Lumber Co.*, 12 Tex. Civ. App. 517, 34 S. W. 198, and *Wood v. Amarillo Improvement Co.* (Tex.), 31 S. W. 503. These cases, however, proceed upon the theory that the provisions of a similar statute are unreasonable and in contravention of the provisions of the constitution of the state, which gives a lien and which the court holds is self-executing.

The third point urged, that the appellant is a subcontractor, is without merit. If one who furnishes the sashes, doors, and glass for a building is a subcontractor, every materialman would fall in that class, and such construction would

nullify the plain terms of the statute. The argument that the contract to furnish the material is an entirety, and that it is difficult to comply with the statute, is one that should be addressed to another department of the state government. We are not responsible for the wisdom or the expediency of the law.

We think the learned trial court correctly resolved the questions of both fact and law, and the decree is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and PARKER, JJ., concur.