[No. 9372. Department One. June 1, 1911.]

WILLIAM RIEFLIN, *Appellant*, v. A. E. GRAFTON *et al.*,
*Respondents.*[1]

MECHANICS' LIENS—NOTICE OF CLAIM—TIME FOR FILING—"CESSA-
TION"—REPLACING DEFECTIVE MATERIAL. The date of "cessation of
the furnishing" of material for a building, within Rem. & Bal. Code,
§ 1134, requiring claims to be filed within 90 days therefrom, is the
date on which the materialman on demand of the owner replaced
defective material rejected by the architect, where the materialman
acted in good faith and not for the purpose of prolonging the time.

SAME—FORECLOSURE — FINDINGS — CONCLUSIONS OF LAW. Where
the architect rejected material and the owner demanded that the
materialman replace it, which was done, a finding that it was "not
done in performance of the original contract," is an unwarranted
conclusion of law.

SAME—DUPLICATE STATEMENTS TO OWNER. Rem. & Bal. Code,
§ 1133, requiring a materialman to deliver to the owner a duplicate
statement of the supplies delivered to any person or contractor for
the construction of a building, does not apply to materials delivered
to the owner.

SAME—FORECLOSURE—DEFENSES—DAMAGES. Upon the foreclosure
of a materialman's lien for materials furnished to and accepted by
the contractor, the owner must look to the contractor for any damage
resulting from defective material put in the building.

Appeal from a judgment of the superior court for Pierce
county, Chapman, J., entered August 31, 1910, upon find-
ings in favor of the defendants, dismissing an action to fore-
close a materialman's lien, after a trial on the merits before
the court. Reversed.

*William Rieflin* and *Stallcup & Keyes*, for appellant.

*C. M. Riddell* and *Davis & Neal*, for respondents.

GOSE, J.—This is a bill in equity to foreclose a material-
man's lien. There was a judgment of dismissal, from which
the plaintiff has appealed.

[1]Reported in 115 Pac. 851.

The facts in brief are as follows: The respondents, the owners of certain lots situated in the city of Tacoma, entered into a contract with one Dillon, whereby the latter agreed to construct a dwelling house upon the property. The appellant furnished sash, windows, and doors to the contractor, to be used, and which were used, in the house. All the material furnished by the appellant was furnished between March 2 and June 2, 1909, except two or three panes of glass. These were furnished on the order of the respondent Grafton, on August 18, 1909, to replace defective glass theretofore furnished by the appellant. On October 14, 1909, the appellant filed a claim of lien for the material which he had furnished, and caused it to be duly recorded. The trial court denied the lien, because he was of the opinion that the lien should have been filed within ninety days from June 2, 1909, and it was not so filed. The court found that the architect in charge of the construction of the dwelling condemned and refused to accept the material furnished by the appellant, notified him thereof, and demanded that it be removed from the dwelling and that other material conforming to the specifications should be substituted. The court further found:

"(5) That on the 18th day of August, 1909, in pursuance of a request and order from said A. E. Grafton, and without any knowledge on the part of said A. L. Dillon, and not in performance of the original contract between plaintiff and Dillon, plaintiff herein sent to the said dwelling house a box containing certain lights of glass, which were delivered by the plaintiff for the purpose of replacing defective panes of glass theretofore put into said building; that two or three panes of glass so delivered on August 18th, 1909, were put into the building, being substituted for defective panes, the defects not being apparent or discovered until after all material furnished by said plaintiff had been put into the house; and the balance of the glass so delivered on August 18th, 1909, was returned to plaintiff; that at the time of such delivery on August 18th, 1909, no statement thereof, either original or duplicate, was delivered or mailed either to A. E. Grafton, Anna S. Grafton, or the Minnesota Investment Company, the owners of said property."

The statute, Rem. & Bal. Code, § 1129, provides that every person furnishing material to be used in the construction of a building has a lien upon the same for the material furnished. Section 1134, so far as pertinent to the present inquiry, provides that no lien shall exist or be enforced unless, within ninety days from the date "of the cessation" of the furnishing of the material, a claim for such lien shall be filed for record. We think the learned trial court misinterpreted the statute. The delivery of August 18 was made upon the demand of one of the owners of the property, for the purpose of correcting defects which he claimed existed. The good faith of the appellant in furnishing these items cannot be questioned. The time for filing the claim of lien had not then expired, and the material was not furnished for the purpose of prolonging the time for filing it, or for the purpose of renewing a right to a lien which had been lost by delay. As was said in *Conlee v. Clark*, 14 Ind. App. 205, 42 N. E. 762, 56 Am. St. 298:

"Moreover if the time for filing the lien was extended by the last labor done; this was performed at his [the owner's] special instance and request, and he must be deemed chargeable with the knowledge of the legal consequences of his own act."

The same rule is concretely stated in *McIntyre v. Trautner*, 63 Cal. 429, as follows:

"Defendant cannot be heard to say that the additional work, done at his request to complete the contract, was not a continuation of the previous work, and done under the same contract."

The following authorities announce the same view: 27 Cyc. 147, 148; *Gordon Hardware Co. v. San Francisco & S. R. R. Co.*, 86 Cal. 620, 25 Pac. 125; *Minneapolis Trust Co. v. Great Northern R. Co.*, 74 Minn. 30, 76 N. W. 953; *Id.*, 81 Minn. 28, 83 N. W. 463; *Shaw v. Fjellman*, 72 Minn. 465, 75 N. W. 705; *Stidger v. McPhee*, 15 Colo. App. 252, 62 Pac. 332; *General Fire Extinguisher Co. v. Schwartz*

*Bros. Com. Co.*, 165 Mo. 171, 65 S. W. 318; *Farnham v. Richardson*, 91 Me. 559, 40 Atl. 553; *Watts-Campbell Co. v. Yuengling*, 125 N. Y. 1, 25 N. E. 1060; *New England Engineering Co. v. Oakwood St. R. Co.*, 75 Fed. 162; *McLean v. Wiley*, 176 Mass. 233, 57 N. E. 347; *Miller v. Wilkinson*, 167 Mass. 136, 44 N. E. 1083; *Fitzgerald v. Walsh*, 107 Wis. 92, 82 N. W. 717, 81 Am. St. 824.

We think the facts found bring the case squarely within the statute. The language of finding 5, that the delivery of August 18 was "not in performance of the original contract," is a conclusion of law which does not flow from the facts stated.

The respondents rely upon the case of *Ellsworth v. Layton*, 37 Wash. 340, 79 Pac. 947. In that case the work was completed and accepted during the first days of October. On January 6, upon the demand of the owner, the contractor put metallic flashings over six windows that had been inadvertently omitted, and on February 13 certain drain tile was relaid. The claim of lien was filed on April 3. It was held that the time for filing the lien commenced to run upon the completion and acceptance of the building. As we have seen, the court found in the case at bar that the material furnished by the appellant and put into the building by the contractor was not accepted. The *Ellsworth* case is therefore distinguishable.

Nor does the fact that the appellant failed to furnish the owner a duplicate statement of the items furnished on August 18 defeat the lien. The statute, Rem. & Bal. Code, § 1133, provides that every person furnishing material to be used in the construction of a building "shall, at the time such material or supplies are delivered to any person or contractor," deliver or mail to the owner of the property upon which the material is to be used, a duplicate statement of all such materials "delivered to any contractor or person." In this case the material was delivered to the owner upon his demand. The words "person or contractor" have no reference to a delivery

to the owner. . If the legislature had intended to provide for cases where the delivery was to the owner, it would have done so in clear language, and would not have left it to the courts to extend the statute to such cases by construction. In *Finlay v. Tagholm*, 60 Wash. 539, 111 Pac. 782, and *Id.*, 62 Wash. 341, 113 Pac. 1083, the material was furnished to the contractor and not to the owner.

The material, aside from that furnished on August 18, was furnished to the contractor and accepted by him. The respondents must, therefore, look to the contractor for any damages resulting from material put into the building which does not conform to the contract.

The judgment is reversed, with directions to enter a decree establishing the respondents' lien for the items set forth in finding 4, with legal interest, together with a reasonable attorney's fee and costs, and to decree a foreclosure of the lien.

FULLERTON, PARKER, and MOUNT, JJ., concur.