[No. 9813. Department One. December 26, 1911.]

W. M. HEIM et al., Respondents, v. J. S. ELLIOTT et al., Appellants.[1]

MECHANICS' LIENS—CLAIMS—NOTICE—DUPLICATE STATEMENTS—MATERIALS. Subcontractors furnishing the materials and doing the work of putting down hard wood floors in a building and installing a plumbing and heating plant must deliver duplicate statements of the materials furnished at the time the same are delivered, in order to obtain a lien for the material, under Rem. & Bal. Code, § 1133, providing that "every person" furnishing material to be used in the construction of a building deliver duplicate statements thereof to the owner.

SAME—DUPLICATE STATEMENTS—LABOR. Subcontractors furnishing material and doing work in the putting down of hard wood floors and installing plumbing and heating plants in a building are entitled to a lien for the value of the labor under Rem. & Bal. Code, § 1129, although they lost their lien for materials through failure to deliver duplicate statements to the owner of the material used, as required of materialmen by § 1133, and although the material and labor were furnished under an indivisible contract with the general contractor.

SAME — MATERIALS TO BE FURNISHED — DUPLICATE STATEMENTS. Rem. & Bal. Code, § 1133, requiring a materialman to deliver to the owner duplicate statements of material furnished at the time the same is delivered, is not substantially complied with by delivering with the first load one duplicate statement of all material to be furnished, where the deliveries were continued from day to day and extended over a period of several months.

MECHANICS' LIENS — MATERIALS FURNISHED — ITEMS LIENABLE—DUPLICATE STATEMENTS—PARTIAL PAYMENTS—APPLICATION. Where the first part of lumber furnished to the general contractor for a building was not lienable because the lumber company failed to deliver duplicate statements to the owner during all the time the lumber was delivered, partial payments made to the lumber company

[1]Reported in 119 Pac. 826.

without any direction as to their application may be applied by the company to the oldest items of the account, and a lien established for the balance of the last items furnished for which duplicate statements were delivered; and the owner cannot defeat such application by asserting that a bonding company not a party to the suit had an equity to have the payments otherwise applied.

Appeal from a judgment of the superior court for King county, Tallman, J., entered February 15, 1911, upon findings in favor of the plaintiffs, in an action to foreclose mechanics' liens. Affirmed in part and reversed in part.

*William A. Greene* and *James B. Murphy*, for appellants.

*S. A. Keenan*, for respondents Heim *et al.*

*Reynolds, Ballinger & Hutson*, for respondent Ballard Lumber Company.

*Peterson & Macbride*, for respondent Bailey-DuBois Sash, Door & Manufacturing Company.

GOSE, J.—The appellants, as the owners of two lots in the city of Seattle, on September 3, 1909, entered into a contract with the respondent Martin, hereafter called the contractor, whereby the latter agreed to furnish all the labor and material and erect a dwelling house on the lots, for a stipulated price. The respondent Wilkinson thereafter, in pursuance of an agreement with the contractor, furnished the material for and installed and finished the hard wood floors. The contract price therefor was $194. Thereafter, at the contractor's request, Wilkinson did extra work of the value of $15.50. No payments were made upon this contract. The respondent Heim, in pursuance of an agreement with the contractor, furnished the material and labor for and installed the plumbing and the heating plant. The contract price was $2,050. The alleged balance is $666.98. At the conclusion of the trial, a judgment was entered against the contractor in favor of the respondent Wilkinson for $209.50, and in favor of the respondent Heim for $472.98, and making these amounts a lien against the appellants'

property. The facts applicable to the other respondents will be stated in discussing the liens decreed in their behalf. The owners of the property have appealed.

The respondents Wilkinson and Heim contend that they are subcontractors, and that they were not required to deliver or mail to the owner a duplicate statement of the material which they furnished. This contention is not tenable. Our statute, Rem. & Bal. Code, § 1133, provides that "every person" furnishing material to be used in the construction of a building "shall at the time" the material is delivered, deliver or mail to the owner of the property upon which the material is to be used a duplicate statement of all material delivered, etc. It seems clear, therefore, that the respondents having failed to deliver the duplicate statements, cannot be allowed a lien for the material which they furnished. *Finlay v. Tagholm*, 62 Wash. 341, 113 Pac. 1083.

The respondent Wilkinson testified that the labor performed in completing his contract was of the value of $117.61, and the respondent Heim testified that the same item in his contract was of the value of $546.20. The respondents contend that these items are lienable. The appellants assert that they are not lienable, because the contract of each of the respondents with the general contractor was entire. They had no contract with the appellants. Hence, there was no privity of contract between them. *Hunnicutt & Bellingrath Co. v. Van Hoose*, 111 Ga. 518, 36 S. E. 669. Rem. & Bal. Code, § 1129, entitles these respondents to a lien for their labor, and we do not think that this right is defeated because the contract with the general contractor was indivisible. Such a determination would not be in harmony with the rule of liberal construction enjoined by the provisions of Rem. & Bal. Code, § 1147. The lien of the respondent Wilkinson will be reduced to $117.61, and the lien of the respondent Heim will not be disturbed. The court made a deduction of $194 from his claim on account of defective workmanship.

The respondent Ballard Lumber Company was given a
lien upon the property for $467.23.  In September, 1909,
it contracted with Martin, the general contractor, to furnish
material to be used in the erection of the dwelling.  It com-
menced delivering the material in pursuance of its contract
on September 14, 1909, and continued until March 31, 1910.
The deliveries were continued from day to day.  On the date
of the first delivery it mailed to the appellants a duplicate
statement of all the material covered by its contract.  No
other duplicate statement was mailed to the appellants, and
none was delivered to them.  This lien should not have been
allowed.  The duplicate statement was not mailed "at the
time" such material was delivered.  This respondent invokes
the rule of liberal interpretation.  To enforce this lien would
be legislation rather than interpretation.  Six and one-half
months elapsed between the first and the last deliveries.  The
statute was not substantially complied with.  *Finlay v. Tag-
holm, supra.*

The respondent contractor purchased material from the
respondent Bailey-Du Bois Sash, Door & Mnfg. Company, of
the value of $2,269.80, to be used in the erection of appel-
lants' dwelling.  Of this amount, $1,165.45 was delivered
between January 28 and April 6, 1910.  The balance was
delivered prior to January 28.  It is admitted that no state-
ment was mailed or delivered to appellants prior to January
28.  The evidence is conflicting as to whether respondents
mailed the duplicate statements on and after January 28.
A reading of the evidence, however, has convinced us that it
mailed the statements conformably to the statute after that
time.  A judgment was entered in favor of the respondent
against the contractor for $923.60, and a lien was estab-
lished in its favor against the appellants' property for that
amount.  The following payments were made on the account
before the commencement of the suit:  December 7, 1909,
$400; April 5, 1910, $200; April 26, 1910, $746.11.  The
last two payments were made out of the contractor's money

by an agent of the company which had bonded him. When the payments were made, no directions were given as to how they should be applied. The respondent credited them as they were severally made upon the oldest items of the account. If these credits were properly made, or if the law would make a like application when the debtor gives no direction as to how he wishes the payment applied, the lien was properly established. The appellants concede that, in the absence of a direction by the debtor or an application by the creditor, the general rule is that the first item on the debit side of the account is discharged or reduced by the first item on the credit side. They contend, however, that this rule is not applicable here, because the bonding company through whom the payments were made has an equity in the money. We do not understand how this question is open to the appellants. The bonding company is not a party to the suit. Assuming, however, that the appellants may raise the question, we do not think the authorities cited are controlling upon the facts before us. In the case of *Crane & Co. v. Pacific Heat & Power Co.*, 36 Wash. 95, 78 Pac. 460, cited by the appellants, the creditor had applied the payments to prior accounts having no connection with the building which was the source of the fund from which the payments were made. In *Merchants' Ins. Co. v. Herber*, 68 Minn. 420, 71 N. W. 624, it was held that the obligee in a bond as against a surety could not apply payments made by the principal to a debt which the principal owed before the bond was given. It is argued that the payments made in the case at bar were affected with an equity in favor of the surety. The equity of the surety in this fund was less than the equity of the respondents. The money belonged to the principal. The material furnished by the respondent was one of the sources of the fund. The surety had, so far as the record discloses, contributed nothing to the source which furnished the fund. Where a party performs work upon and furnishes material for a building, some of which embraces extra work which is

not lienable, and has received partial payments without any direction as to their application, a court of equity will apply the payments to the nonlienable account. *Barbee v. Morris,* 221 Ill. 382, 77 N. E. 589. The lien was properly allowed.

The judgment will be reversed, with directions to enter a judgment conformably to this opinion.

Parker and Mount, JJ., concur.