[No. 10043.  Department Two.  January 23, 1912.]

SEATTLE LUMBER COMPANY, *Plaintiff and Appellant*, v.
RICHARDSON & ELMER COMPANY *et al., Respondents,*
E. R. DUNN *et al., Defendants and Appellants.*[1]

MECHANICS' LIENS—MATERIALMEN—NOTICE TO OWNER—DUPLICATE
STATEMENTS.  A delivery to the contractor of duplicate statements
of lumber furnished to the contractor for the construction of a
house, is not a compliance with Rem. & Bal. Code, § 1133, providing
for the delivery of duplicate statements to the owner; even though
the court makes a general finding that the contractor was the agent
of the owner in ordering the material, and in sole charge of the
building; unless the evidence clearly established an agency for
that purpose.

MECHANICS' LIENS—NOTICE TO OWNER—DUPLICATE STATEMENTS—
TIME FOR DELIVERY.  Under Rem. & Bal. Code, § 1133, requiring that
duplicate statements of materials furnished must be delivered to the
owner "at the time" materials are furnished, a statement August 18,
of materials furnished on various days from July 30 to August 12,
is insufficient to support a lien.

SAME—FAILURE TO GIVE NOTICE—ABSENCE OF OWNER—MAILING—
ADDRESS.  The absence of the owner from the city does not excuse a
lien claimant from delivering duplicate statements of materials at
the time the same are furnished, since the statute provides for
service by mail; especially where the owner's resident address,
where his wife was living, was given in the city directory and no
attempt was made to ascertain the address or residence.

SAME—MAILING NOTICE—ADDRESS.  Mailing of duplicate state-
ments to the owner addressed to him at the place where the building
was being constructed is not a compliance with the statute requiring
the notices to be personally served or mailed to his last-known place
of residence, where that had never been his residence, as an in-
spection would have disclosed, and his residence was given in the
city directory.

SAME—FAILURE TO GIVE NOTICE—EXCUSES.  The fact that con-
tractors misled materialmen as to the correct address of the
owner, a resident of a large city, does not excuse their failure to
properly serve or mail duplicate statements to the owner at the
time material is furnished.

Cross-appeals from a judgment of the superior court for
King county, Tallman, J., entered June 17, 1911, upon find-

[1]Reported in 120 Pac. 517.

ings in favor of certain lien claimants, in an action to foreclose mechanics' liens. Affirmed on plaintiff's appeal, and reversed on appeal of defendants Dunn.

*Hastings & Stedman*, for plaintiff.

*Kerr & McCord*, for defendants Dunn.

*McClure & McClure* (*J. A. McCaleb*, of counsel), for defendant Richardson & Elmer Co.

*Cassius E. Gates*, for defendant Fuller & Co.

Morris, J.—This is an appeal from the judgment in an action brought by the Seattle Lumber Company against Barnes & Hester, contractors, and Dunn and wife, as owners, in which it was sought to foreclose a lien for material used in the construction of the building upon the described premises. Richardson & Elmer Company and W. P. Fuller & Company, being lien claimants for material furnished, were made defendants. The judgment denies the right of lien to the Seattle Lumber Company, from which it appeals. The other liens are established, from which the Dunns appeal.

The only question involved in the appeals is whether duplicate statements of the material were delivered to the owner, as provided in Rem. & Bal. Code, § 1133, providing that every person furnishing material to be used in the construction of any building shall, at the time such material is delivered to the contractor, deliver or mail to the owner of the property upon or about which said material is to be used, a duplicate statement of the material so furnished; and providing further that no lien shall be filed or enforced, unless duplicate statements be so furnished. The building was being erected by Barnes & Hester for Dunn as owner, in the summer of 1909. Dunn was in the north the entire summer, and had made Mr. Kelleher, of Bausman & Kelleher, Seattle, his agent for some purpose; just to what extent, we are unable to determine. It is, however, immaterial. Dunn returned to Seattle about October 1, 1909, and paid the con-

tractors all that was due under the contract, testifying he
had no knowledge of any bills for material being unpaid, and
that he had received no duplicate statements of the materials
claimed to have been furnished by these three claimants.
While Dunn was absent in Alaska, his wife remained in the
family home, at 409, Eastlake avenue, which was the home
address of Mr. Dunn, as given in the Seattle city directory,
his name appearing therein as Edward R. Dunn.

The Seattle Lumber Company delivered its duplicate state-
ments on the job to Barnes & Hester, and under a finding
of the court that Barnes & Hester were the agents of Dunn
in ordering materials and were in sole charge of the build-
ing and the only representative of Dunn in charge of the
building, claims that the court was in error in denying its
lien because of the failure to deliver duplicate statements to
the owner. We do not think, in view of the court's denial of
this lien, that the finding was intended to mean anything
other than the ordinary agency for the purpose of ordering
material and employing labor. If the court had intended to
find an agency for the purpose of receiving these duplicate
statements, the lien would in all probability have been sus-
tained instead of rejected. There is no evidence to justify
giving the finding such a meaning, and we agree with the
lower court that this appellant was not entitled to a fore-
closure of its lien, because of its failure to deliver or mail
duplicate statements to the owner. Surely a delivery to the
contractor, the very man against whose shortcomings the act
was to protect the owner, would not be a delivery to the
owner, unless the evidence clearly established an agency for
such purpose.

Richardson & Elmer Company commenced furnishing ma-
terial on July 30. On August 18, it mailed to E. R. Dunn,
in care of Bausman & Kelleher, Alaska Building, Seattle,
duplicate bills for material furnished July 30, and August 2,
3, 5, 7, 9, 11, and 12. This address was used on informa-

22—66 WASH.

tion obtained from Barnes & Hester. This lien was sustained by the court, but we cannot accept this part of the decree, as it does violence to the express language of the act, and the construction placed thereon by the various decisions of this court. The act says these duplicate statements must be furnished "at the time." Such language we have held too plain for construction, and the time of the delivery of the material and that of the delivery of the duplicate statement must coincide, unless the delivery be subsequent to the amendment of 1911, when it must be done within five days. *Finlay v. Tagholm*, 60 Wash. 539, 111 Pac. 782; *Finlay v. Tagholm*, 62 Wash. 341, 113 Pac. 1083; *Heim v. Elliott*, ante p. 361, 119 Pac. 826; *Hewitt Lea Lumber Co. v. Sandell*, ante p. 515, 119 Pac. 848.

This appellant contends that, inasmuch as Dunn was absent from the city during all the time it was delivering material, it was prevented from complying with the provisions of the statute in delivering its duplicate statements at the time of the delivery of the material, and it should be excused for such nonperformance. This contention cannot be upheld in the face of the record that Dunn's home all this time was at 409 Eastlake avenue, and that his address was so given in the city directory. The statute, in providing for a delivery of the duplicate statements by mail, covers this point and makes it imperative that the duplicate statements shall be delivered in person or sent through the mails; in which latter case mailing the statements to the last-known place of residence, as given in the city directory or ascertained from other reliable sources, would be a compliance with the law. This appellant made no attempt to ascertain Dunn's address, except from the contractors whose interest it was to mislead in case they contemplated nonpayment of these bills. The Texas cases upon which reliance is had in support of this contention are based upon a statute requiring personal service, no provision being made for service by mail as in our statute; and hence are not in point. Manifestly, if the

owner could not be found, no personal service could be had. The right of lien in this case was therefore lost, because of a failure to mail these statements within the time fixed by the statute.

The other respondent, W. P. Fuller & Company, mailed its duplicate statements to E. R. Dunn, addressed to him at Eighth and Howell streets, Seattle. This was the location of the building that was being constructed, and this address was given this respondent by Barnes, one of the contractors. It was not the address of E. R. Dunn, and never had been, and an examination of the locality would have convinced any one of that fact, as the only buildings within this address were the building under construction and a laundry upon one of the other corners. This lien was therefore also lost, because of a noncompliance with the law. It is evident that these three materialmen permitted themselves to be misled by the contractors in suggesting these different methods, in which to deliver the duplicate statements, and that the usual methods employed in ascertaining the correct mailing address of a resident in a large city would have enabled each of these materialmen to fully comply with the requirement of this law, and preserved their liens. It was suggested on the argument that there was no indication that E. R. Dunn and Edward R. Dunn of 409 Eastlake avenue were one and the same person. Any inquiry at that address would doubtless have ascertained they were. This record presents no excuse for the failure of these materialmen to ascertain the correct address of E. R. Dunn, and mail the duplicate statements to him. The fact that the contractors did not know, or, if they did know, chose to mislead, is no justification.

For these reasons the judgment is sustained in its denial of the right of lien to the Seattle Lumber Company, and reversed in so far as it establishes the liens of Richardson & Elmer Company and W. P. Fuller & Company. Cause remanded for further proceedings in accordance herewith.

DUNBAR, C. J., MOUNT, and ELLIS, JJ., concur.