[No. 22108.   Department One.   December 5, 1929.]

AMERICAN PLUMBING & STEAM SUPPLY COMPANY,
*Appellant,* v. GEORGE J. ALAVEKIU *et al.,*
*Respondents and Cross-Appellants.*[1]

*S. F. McAnally,* for appellant.

*Leo Teats* and *Ralph Teats,* for respondents and cross-appellants.

[1]Reported in 282 Pac. 917.

BEALS, J.—Defendants, in December, 1926, being the owners of a large, old-fashioned dwelling in the city of Tacoma which they desired to remodel and make into a rooming house, retained, by written contract, L. C. Stacy (plaintiff's assignor) to install a heating plant and a plumbing system. The heating system was to be installed for not to exceed $1,300. For the plumbing, Mr. Stacy was to be compensated on the basis of time and material furnished. By the middle of March, 1927, both jobs were finished and accepted by defendants, who forthwith leased the premises to Mr. and Mrs. James S. Irvine, who took possession about April 1.

The heating system was unsatisfactory and Mr. Stacy made several attempts to remedy it. Mr. and Mrs. Irvine, being unsuccessful in their attempt to conduct the premises as a lodging house, abandoned the same May 27, 1927, and made an assignment for the benefit of their creditors. During the succeeding month, Mr. Stacy, in an endeavor to remedy the defects in the heating system, delivered on the premises a new boiler which was installed during the following August, Mr. Stacy making no charge for labor and material in connection with what he did at that time, save a charge for material under date August 29 in the sum of $6.91 and one under date September 8 for material in the sum of ninety-four cents. November 18 following, Mr. Stacy filed for record in the office of the auditor of Pierce county a notice of claim of lien for the sum of $1,199.33, which stated that the labor and material for which the lien was claimed consisted of

" . . . plumbing and plumbing supplies and fixtures and the labor in the installation of the same . . . ; that the performance of said labor and the furnishing of said material ceased on the 22d day of August, 1927."

The claim of lien being assigned to plaintiff, this action was brought to foreclose the same.

The defendants answered, admitting that plaintiff's assignor had furnished labor and material on their order, and pleading affirmatively that the work had been completed on or about March 15, 1927; that the materials used by plaintiff's assignor in installing the heating system were so defective and poorly installed that the plant would not heat the house to the degree required by the contract; that, pursuant to repeated demands and requests by defendants, plaintiff's assignor installed a new boiler purchased by defendants, which installation was completed on or about June 22; that defendants, on or about March 1, 1927, leased the premises to one Irvine for three years at a rental of $125 per month; that possession under this lease was taken March 15, 1927, and that, because of the defective condition of the heating system, defendants' tenants abandoned the premises June 15 following. Defendants concluded their answer with an allegation that defendants were entitled to a set-off against any claim that plaintiff might have by way of damages suffered by defendants in the loss of their tenants.

In connection with this answer, it may here be stated that on the trial defendants admitted that they owed a balance of $1,199.33 on account of the work and labor referred to in plaintiff's complaint, but denied that plaintiff was entitled to any lien therefor, and claimed a set-off against this account for damages as alleged in their answer.

Plaintiff filed its reply, alleging that Mr. Stacy's agreements with defendants amounted in fact to one contract for plumbing and heating, and that,

"If there is any seeming conflict between this allegation and any allegation of the complaint, said complaint is hereby amended and sought to be amended to

conform hereto and to first item in the bill of particulars herein furnished to defendants and filed herein."

The trial court refused to allow plaintiff any lien, basing its ruling upon the ground that the notice of claim of lien was filed too late, but granted plaintiff judgment against defendants for $1,199.33, allowing against the same a set-off in favor of the defendants in the sum of five hundred dollars by way of damages as claimed by defendants. From the judgment of the court in favor of plaintiff in the sum of $699.33, plaintiff appeals on the ground that the five-hundred-dollar set-off should not have been allowed, and upon the further ground that plaintiff should have been allowed a lien for the full amount which it claimed together with attorneys' fees and costs; and defendants cross-appeal, claiming that they should have been allowed a set-off in a greater sum.

To avoid confusion, appellant will be referred to as plaintiff and cross-appellants will be referred to as defendants.

Neither the notice of claim of lien or plaintiff's complaint made any reference to the charges for material furnished under dates August 29 and September 8 above referred to. After the taking of testimony in the case had closed, plaintiff's counsel stated to the court, "The complaint should have been amended to conform to the proof as to the different items added and which were left out by inadvertence." Upon objection by defendants' counsel that the application came too late, the court refused to allow any amendment.

Defendants contend that, under certain decisions of this court, the trial court properly denied to plaintiff the right to maintain a lien. While the notice of claim of lien filed by plaintiff's assignor refers only to plumbing and plumbing supplies and fixtures, we

are of the opinion that, under the present liberal rules providing for the allowance of amendments, and in view of the allegations of plaintiff's reply, above referred to, which was not moved against by the defendants, the notice of claim of lien is sufficient to support a recovery thereon for the labor and material which the evidence showed was furnished by plaintiff's assignor.

A more serious question is presented by defendants' contention that the notice of claim of lien was not timely filed. In support of this point, defendants cite the cases of *Ellsworth v. Layton*, 37 Wash. 340, 79 Pac. 947, and *Yundt v. Schultz-Degginger Co.*, 62 Wash. 308, 113 Pac. 760. In the earlier case, this court by a *per curiam* opinion simply approved a finding of the trial court to the effect that the lien filed by the appellant was not filed within the time limited by law after the completion and acceptance of the work. An examination of the record indicates that the appellant claimed a right to maintain a lien because the claim of lien was filed within the statutory period after a few small items of material which had been inadvertently omitted were supplied, and some defects remedied. In the later of the two cases above referred to, the claimant, after installing a heating system which proved defective, on the owner's order supplied a pump for the purpose of remedying the defect, and claimed a lien for the value of the pump and of the labor expended in installing the same. The owner of the property had, prior to the installation of the pump, paid the full contract price for the heating plant. It was held that the lien could not be maintained, as the pump was installed to remedy a defect for which the claimant was liable under a guaranty. Whether or not the time within which a claim of lien could have been filed for the work done under the

original contract would have been extended by the installation of the pump in an attempt to remedy the defects in the heating plant, was not decided.

In the case at bar, plaintiff is not claiming compensation (save as to the two very small items above referred to) for either labor or material in endeavoring to remedy the defects in the heating system, but claims only the original contract price. In support of its contention that it is entitled to a lien, plaintiff cites the case of *Rieflin v. Grafton,* 63 Wash. 387, 115 Pac. 851, which was an equitable action brought to foreclose a lien for material furnished. The plaintiff furnished certain windows and doors to the general contractor in charge of the construction, the furnishing of material by plaintiff having ceased June 2, 1909. August 18, following, plaintiff furnished two or three panes of glass to replace defective glass which he had theretofore delivered. October 14, following, plaintiff filed a notice of claim of lien. The trial court denied the lien, being of the opinion that the same should have been filed within ninety days from June 2. On appeal this court held that, as the small delivery on August 18 was made upon the demand of one of the owners of the property for the purpose of correcting defects which he claimed existed in the material theretofore furnished by the plaintiff, the good faith of the plaintiff in replacing the defective material not being questioned, and the material not having been furnished for the purpose of prolonging the time for filing a lien or renewing the right to file a lien which had been lost by lapse of time, the period for asserting a lien against the property began to run from August 18 instead of from June 2. This court reversed the judgment of the lower court and directed that the lien be established and foreclosed.

In the case of *Bradley v. Donovan-Pattison Realty*

*Co.*, 84 Wash. 654, 147 Pac. 421, we cited with approval the case of *Rieflin v. Grafton, supra,* affirmed a judgment foreclosing certain mechanics' liens and held that, under the provisions of law providing for liberal construction of the act relating to liens, the judgment rendered foreclosing the liens was proper.

In *Osten v. Curtis,* 133 Wash. 360, 233 Pac. 643, also relied upon by plaintiff, we affirmed a judgment of the superior court foreclosing a lien for labor performed, the testimony showing that the work proceeded during the months of May, June and July, but was suspended from July 30 to October 15, when the claimant furnished half a day's work and a little material. The testimony showed that the last work and material furnished was so furnished in good faith on request of the property owner. This court again, quoting from the decision in the case of *Rieflin v. Grafton, supra,* upheld the right to the lien.

In the later case of *Rose v. O'Reilly,* 138 Wash. 18, 244 Pac. 124, a judgment foreclosing a lien for labor and material furnished between May, 1923, and May 31, 1924, was affirmed. The appellants, owners of a mortgage executed and filed November 15, 1923, contended that their mortgage was entitled to priority over the lien, urging that the evidence showed that the work for which the lien was sought had not been diligently prosecuted, and that such great intervals intervened between the furnishing of work and material that the lien should be disallowed.

It was held that, as it did not appear that the furnishing of labor and material was deferred fraudulently for the mere purpose of extending the time within which a lien could be filed, but that the time which elapsed was a necessary element of the performance of the contract, the lien should not fail.

Following these decisions, we are of the opinion that, in the case at bar, the trial court erred in denying to plaintiff the right to foreclose its lien. It is evident that plaintiff's assignor continued in good faith to work upon the heating plant in an endeavor to place the same in such condition that it would do its work satisfactorily to the defendants. The claim of lien was filed within ninety days from the date plaintiff's assignor so ceased to work upon the heating plant, and consequently was filed in time, and should have been foreclosed.

We are also of the opinion that the plaintiff should have been allowed to include the two small items of material included in its bill of particulars and which it sought to include in its complaint by amendment.

As to defendants' claim for damages, plaintiff's assignment of error, based upon the set-off ordered by the trial court, upon the ground that the same is too large, and defendants' assignment of error based upon their contention that the set-off allowed is too small, will be considered together. It is evident that defendants desired as cheap a job as could possibly be accomplished. Mrs. Alavekiu shopped around for second-hand material, the first boiler which was installed, and which proved defective, having been of that class. In regard to the failure of defendants' tenants, Mr. and Mrs. Irvine, to successfully operate the building as a lodging house, we are satisfied from the record before us that Mr. and Mrs. Irvine's attempt to conduct a lodging house business was from the first foredoomed to failure by reason of their lack of adequate financial resources and the considerable amount of indebtedness necessarily incurred by them in outfitting the establishment, and that their plan was impossible of successful accomplishment, whether the heating plant was a success or not. In regard to this

latter item, the evidence is conflicting, plaintiff contending that sufficient attention to the operation of the plant was not given by the Irvines and that insufficient fuel was used to accomplish the desired result. Defendants' testimony, on the contrary, sought to place the blame for the low temperature of the rooms upon defects in the heating system.

Defendants argue that the Irvines were justified in breaching their lease because of the failure of the heating plant to maintain the house at a comfortable temperature, but in this connection it is material to note that, in scheduling their liabilities in the assignment which they made for the benefit of their creditors, Mr. and Mrs. Irvine included an item of alleged indebtedness in favor of the defendants in the sum of $500, which it appears was their estimate of what they owed defendants by way of damages for breach of the three-year lease made by defendants to them for the term commencing March 15, 1927, by which they obligated themselves to pay rent for the premises at the rate of $100 per month. While the original lease, which is an exhibit, calls for rent at the rate specified, the Irvines seem to have been paying an additional $25 a month for the use of space for the storage of automobiles.

The burden rested upon defendants to prove their contention that they suffered actual damage by reason of some act or omission for which plaintiff is chargeable, and a careful reading of the record convinces us that they failed to meet this burden.

The judgment appealed from is reversed on plaintiff's appeal, and the cause is remanded with instructions to enter a decree in plaintiff's favor, establishing its lien for the amount which the trial court found to be due, plus the two small items hereinabove referred

to, together with a reasonable attorney's fee and costs of suit. The decree will also deny any set-off in favor of defendants.

MITCHELL, C. J., PARKER, TOLMAN, and MILLARD, JJ., concur.