[No. 9784.    Department Two.    December 8, 1911.]

ARCHITECTURAL DECORATING COMPANY, *Appellant*, v. GUSTAF NICKLASON *et al.*, *Respondents*.[1]

MECHANICS' LIENS — CLAIM — DUPLICATE STATEMENT—MATERIALMEN—CONTRACTORS. Rem. & Bal. Code, § 1133, providing that no lien for materials shall be enforced unless duplicate statements shall be sent to the owner of all materials furnished to any person or contractor, applies only to materialmen and has no application to a lien claimed by a contractor furnishing both labor and materials for decorative plaster work under a contract with the owner through the owner's agent.

SAME—DUPLICATE STATEMENTS—MATERIALS FURNISHED TO OWNER. Rem. & Bal. Code, § 1133, requiring materialmen to furnish to the owner duplicate statements of all materials furnished to any person or contractor, has no application to materials furnished direct to the owner under a contract made by the owner's agent.

APPEAL—REVIEW—FINDINGS—PRESUMPTIONS—NECESSITY OF EXCEPTIONS. Where the evidence is not brought up, findings of fact, complete and sufficient as to every essential fact in the case, and not excepted to, are conclusive; and it cannot be assumed that the evidence supports the decree.

Appeal from a judgment of the superior court for Snohomish county, Black, J., entered March 20, 1911, upon

[1]Reported in 119 Pac. 177.

findings in favor of the defendants, in an action to foreclose a mechanics' lien, after a trial on the merits before the court. Reversed.

*Roberts, Battle, Hulbert & Tennant* and *George R. Biddle*, for appellant.

*F. E. Anderson* and *E. J. Adams*, for respondents.

Morris, J.—Appeal from a decree denying appellant a foreclosure of a mechanics' lien. The case is before us upon a short record, containing only the findings of fact, conclusions of law, decree, and two exhibits. The court finds that the respondents are indebted to appellant in the sum of $646, for materials furnished and labor performed in the construction of the building; that it had filed its lien in due time, but was not entitled to a foreclosure for failure to comply with Rem. & Bal. Code, § 1133, providing that a materialman must send to the owner of any building to which materials are furnished for construction, alteration, or repair, a duplicate statement of all materials so furnished to any person or contractor; otherwise the lien shall be unenforceable. The court finds no such duplicate statement was delivered to the owner, and for this reason holds the lien is not entitled to be foreclosed.

In our judgment the findings do not support the decree for two reasons.

(1) The appellant is not a materialman. It contracted with the agent of the owner to do the decorative plaster work, supplying both labor and material. It was furnishing labor to the same extent as any mechanic who worked on the building. The fact that it furnished its own material and put it in place does not make it a materialman. Its contract was direct with the owner through the owner's agent. The statute covers a situation where three persons are involved, the one who furnished material, the one to whom the material is furnished, and the owner of the building for which they are

furnished.   The owner has no contractual relation with the first person, and has no means of knowing what materials may be furnished to the second person upon the faith and credit of the building, except as he receives notice through his duplicate bills.   Upon receipt of these, the owner is in a position to protect himself against his contractor and the materialman, by checking up the contractor and the materials claimed to be furnished.   This is the plain purpose of the statute.   Where the owner contracts directly for material, he requires no notice outside of his contract, to protect himself. · The findings make appellant a contractor and not a materialman, dealing with the owner.   The contract was of itself a statement of the materials furnished, and none other was necessary.

(2)   Even if we should concede appellant to be a materialman, having delivered his materials to the owner under a contract with the owner through his agent, he was not required to send the duplicate statement required by the statute when the materials are delivered to a contractor or person other than the owner.   *Rieflin v. Grafton,* 63 Wash. 387, 115 Pac. 851.

Respondent contends the findings do not correctly speak the facts, and that they are manifestly incomplete and we should therefore assume the evidence supports the decree. The trouble with this contention is that the findings are the only facts before us, and we are bound by them.   There is no evidence of incompleteness or insufficiency upon their face. No exceptions have been taken to them.   They find every fact essential to be found in a foreclosure case, and we must accept them as they are, and determine only the correctness of the decree based upon them; and being persuaded that the decree is erroneous in its dismissal, and that appellant was entitled to a foreclosure of its lien, the decree is reversed and the cause remanded with instructions to enter a decree of foreclosure in favor of appellant.

DUNBAR, C. J., ELLIS, CROW, and CHADWICK, JJ., concur.