[No. 10380.    Department One.    August 21, 1912.]

W. H. RINGEL, *Plaintiff*, v. RACHAEL NEWMAN *et al.*,
*Defendants and Cross-Appellants.*[1]

MECHANICS' LIENS—MATERIALMEN—DUPLICATE STATEMENTS TO
OWNER—NECESSITY.  Where a contractor for a building defaulted
and went into the hands of a receiver, and the receiver and the ·
agent of the owner notified a subcontractor for the tile and mantel
work to proceed with the performance of its subcontract, thereby
recognizing and adopting the same, the subcontractor need not give
the owner duplicate statements of materials furnished, as it is not
a materialman, within the meaning of Rem. & Bal. Code, § 1133, pro-
viding that no lien for materials shall be enforced unless duplicate
statements shall be sent to the owner of all materials furnished to
any person or contractor, that section having no application to ma-
terials furnished direct to the owner on a contract made by the
owner's agent.

SAME—DUPLICATE STATEMENTS—SUFFICIENCY.  The duplicate
statement of all materials or supplies furnished to any person or
contractor, required by Rem. & Bal. Code, § 1133, to be delivered to
the owner, need not specify the prices charged therefor, but is
sufficient if it shows the kind and quality of the materials furnished.

Cross-appeals from a judgment of the superior court for
Spokane county, Sullivan, J., entered October 25, 1911, upon
findings favorable to part of the plaintiffs, in an action to
foreclose mechanics' liens.    Reversed on plaintiff's appeal and
affirmed on defendant's appeal.

*Campbell & Goodwin*, for claimants Mowbray-Pearson
Company and Empire Tile and Mantel Company.

*W. W. Zent*, for claimant Lamb.

*Peacock & Ludden*, for claimant Mosso-Berry Electrical
Construction Company.

*Cain & Macdonald*, for defendant Newman.

PARKER, J.—The plaintiff and cross-complainants in this
action seek foreclosure of their several lien claims for ma-

[1]Reported in 125 Pac. 943.

terial and labor furnished by them respectively and used in the construction of a building for the defendant. A trial before the court resulted in a decree foreclosing certain of the claimed liens and in the denial of the foreclosure of others. Appeals have been taken by the defendant, and also by certain of the claimants who were denied foreclosure. The controversies are only between each claimant and the defendant, there being no contest of priority or otherwise between the several claimants.

In October, 1910, C. H. Moller and E. Z. Little, copartners doing business as Empire Tile & Mantel Company, entered into a contract with the Pettifer Construction Company, defendant's contractor for the construction of the building, whereby they agreed to do all of the tile and mantel work in the building for the sum of $1,000. At the time of the commencement of this work, they gave notice of the making of their subcontract with the Pettifer Construction Company, and of the commencement of the work thereunder, to J. D. Newman, the son and agent of defendant having in charge the construction of the building for her; but they never furnished to him or to the defendant any itemized statement of the materials used in carrying out their subcontract. About the time of the commencement of the work under this subcontract, the Pettifer Construction Company became involved and went into the hands of a receiver. Thereafter and before any material part of the subcontract work was done, both the receiver and the agent of the defendant directed Empire Tile & Mantel Company to proceed with the work in pursuance of their subcontract. The trial court denied foreclosure of the lien claimed for a balance due upon this work, and Empire Tile & Mantel Company have appealed therefrom. The grounds of the denial of foreclosure by the trial court was that no itemized statement of the material and labor furnished had been given to the owner under Rem. & Bal. Code, § 1133. In view of the manner in which this subcontract was recognized by the defendant through her agent,

and his joining with the receiver in directing Empire Tile & Mantel Company to proceed with the work, it became in effect a contract with the owner. Under our decision in *Architectural Decorating Co. v. Nicklason*, 66 Wash. 198, 119 Pac. 177, Empire Tile & Mantel Company were not materialmen, within the requirement of § 1133, and were not required to give the defendant any further notice of the work or material furnished in the construction of the building, in view of the knowledge of their contract and directions to proceed thereunder on the part of defendant through her agent. It is but fair to the trial court to state that this decision was rendered by this court after the entering of the decree in this case. The decision of the trial court refusing foreclosure of the claimed lien of the Empire Tile & Mantel Company is reversed, with directions to enter a decree of foreclosure therefor for the sum of $500, with legal interest, that being the conceded amount of the balance due upon their claim.

The defendant has appealed from so much of the decree of the trial court as awarded the foreclosure of the lien claim of C. A. Lamb, who furnished material for the construction of the building to the Pettifer Construction Company. Lamb furnished an itemized statement of the materials furnished by him to the defendant, but the statement so furnished did not show the price he charged or was to receive for such materials. It is contended by counsel for defendant that the failure to specify the price or the prices of such materials in the statement so furnished renders it fatally defective as a basis for a lien claim, and that the trial court erred in foreclosing the lien claim for that reason. The statute in force at that time required only that the owner shall furnish a "statement of all such materials or supplies delivered," etc. Rem. & Bal. Code, § 1133. That section is silent as to the statement specifying the price of such material. We are of the opinion that the furnishing of a statement showing the kind and quantity of materials furnished is a sufficient compliance with the statute, and it appears to

have been complied with by Lamb to this extent. The decree is therefore affirmed, in so far as it foreclosed this lien claim. This disposes of all the law questions presented by the briefs of counsel.

Other appeals involve only questions of fact. We have carefully read all of the evidence which has been called to our attention bearing upon these questions of fact and deem it sufficient to say that we are convinced therefrom that the trial court was fully warranted in its disposition of all such claims. The decree is reversed in so far as it refused foreclosure of the lien claim of Empire Tile & Mantel Company; and in so far as it disposes of all the other claims it is affirmed.

MOUNT, GOSE, MORRIS, and CHADWICK, JJ., concur.