[No. 10563.   Department Two.   May 29, 1913.]

## T. J. CULBERT et al., Respondents, v. L. A. LINDVALL et al., Appellants.[1]

MECHANICS' LIENS — NOTICE — MATERIALMEN — DUPLICATE STATEMENTS—SUBCONTRACTORS.   Rem. & Bal. Code, § 1133, requiring all persons furnishing materials to be used in the construction of a building to deliver to the owner duplicate statements of the materials, applies to a subcontractor furnishing the materials for installing a furnace; and without delivery of such statements, he cannot claim a lien, except for work done that can be segregated.

SAME—DUPLICATE STATEMENTS—FAILURE TO FURNISH—EXCUSES. A lumber company furnishing the lumber for the construction of a building is not relieved from the necessity of furnishing duplicate statements to the owner, under Rem. & Bal. Code, § 1133, by reason of the fact that the owner lived upon the premises and was working on the building a portion of the time.

SAME—FORECLOSURE—ATTORNEY'S FEE—APPEAL.   Where an attorney's fee of $150 was allowed upon foreclosing a mechanics' lien for $845, upon reversing the case for error in allowing a nonlienable item of $695, the attorney's fee will be correspondingly reduced.

Appeal from a judgment of the superior court for Spokane county, Black, J., entered October 14, 1911, upon findings in favor of the plaintiffs, in an action to foreclose a mechanics' lien. Modified.

*John M. Gleason* and *A. G. Gray*, for appellants.

*G. G. Ripley*, for respondent Division Street Hardware Company.

*Peacock & Ludden*, for respondent Springston Lumber Company.

[1]Reported in 132 Pac. 729.

MAIN, J.—This action was instituted for the purpose of foreclosing a lien for labor.

Sometime during the summer of the year 1910, the defendants Lindvall and wife entered into a contract with the Kimm Company, a corporation, for the erection of a dwelling house upon a lot then owned by them, described as follows, to wit: Lot 6, block 42, "B" addition to Whitehouse Heights addition to Spokane, Spokane county, state of Washington. Thereafter, the Kimm Company contracted with the Springston Lumber Company, a corporation, for lumber for the building, the contract price being $695. The Kimm Company contracted with the plaintiff, Culbert, and his associate, Ney, to do the carpenter work upon the building for the sum of $300; also, with the defendant Division Street Hardware Company for the installing of a furnace complete for the sum of $150. At the time the contract was entered into for the erection of the building, Lindvall and wife lived in a small house upon the rear of the lot upon which the new house was erected. The contract also provided that Lewis A. Lindvall should work upon the building and receive compensation therefor. In pursuance of its contract with the Kimm Company, the Springston Lumber Company, from time to time, delivered the lumber called for by the contract. More than ten days after the first lumber had been delivered, and after the erection of the house was in progress to the extent of having the rafters erected, a detailed statement was mailed to Lindvall and wife by the Springston Lumber Company for all lumber previously furnished and to be furnished under its contract with the Kimm Company. This was the only statement delivered or mailed covering the $695 item. Subsequently, extras to the amount of $78.75 were supplied, for which duplicate statements were mailed. On two or three occasions when lumber was delivered, Lindvall signed the delivery slip. Other than this, the delivery slips were signed by the carpenters who were working upon the building. The Division Street Hardware Company at no

time furnished to the Lindvalls a duplicate statement for materials furnished. Lindvall was not about the premises at all times during the delivery of the material. His work upon the house was principally the shingling of the roof. At times he was working for the Kimm Company upon contracts which it then had with other parties.

After the erection of the house, the Kimm Company failed to pay the carpenters in full for their work. To the Division Street Hardware Company for installing the furnace, and the Springston Lumber Company for the material supplied, no payments had been made. All filed lien notices. Culbert brought the action to foreclose the lien for the carpenter work, Ney's interest therein having been previously assigned to him. Division Street Hardware Company and the Springston Lumber Company were made parties defendant, and appeared by answer and cross-complaint seeking to have their respective liens foreclosed. The cause was tried to the court without a jury, and decree was entered establishing and foreclosing the liens claimed by the plaintiff for the balance due, and for the defendants upon their cross-complaints. The defendants Lindvall and wife have appealed.

As to the Division Street Hardware Company, it is contended that, inasmuch as it installed the furnace under a subcontract, which provided for a lump sum for the furnace when completed, that no detailed statement was required to be delivered or mailed to the owner. In support of this position, reliance is placed on the case of *Architectural Decorating Co. v. Nicklason*, 66 Wash. 198, 119 Pac. 177. And in opposition to that case the appellant cites the case of *Heim v. Elliott*, 66 Wash. 361, 119 Pac. 826. In the recent decision of *Hallett v. Phillips, ante* p. 457, 132 Pac. 51, these cases are reviewed and distinguished. The rule is there stated to be that, where a contract for material is made directly with the owner, the statute requiring the delivery or mailing of duplicate statements does not apply, but that the statute is operative as against a subcontractor where his

contract for material is with the building contractor; and as a condition precedent to his right to a lien, he must deliver or mail the statements as required by the statute. The opinion in the case last referred to states:

"In the *Heim* case, the claimants Wilkinson and Heim were both subcontractors. Their contention was that, as such subcontractors, they were not required to deliver or mail to the owner duplicate statements of the materials furnished. In passing upon this contention we said: 'The respondents Wilkinson and Heim contend that they are subcontractors, and that they were not required to deliver or mail to the owner a duplicate statement of the material which they furnished. This contention is not tenable. Our statute, Rem. & Bal. Code, § 1133, provides that 'every person' furnishing material to be used in the construction of a building 'shall at the time' the material is delivered, deliver or mail to the owner of the property upon which the material is to be used a duplicate statement of all material delivered, etc. It seems clear, therefore, that the respondents having failed to deliver the duplicate statements, cannot be allowed a lien for the material which they furnished.' To this construction of the statute, we now adhere."

The evidence in the present case, however, segregates the value of the labor that went into the construction of the furnace, and for this the Division Street Hardware Company is entitled to the foreclosure of its lien. This labor was of the value of $75. For this sum and the ninety-five cents expended for filing the lien notice, the lien is established and may be foreclosed.

As to the Springston Lumber Company, there can be no question as to its right to foreclose the lien which it claims for the extras in the sum of $78.75, for as to these it furnished the duplicate statements at the time the material was delivered. As above stated, for the contract item of $695, no duplicate statements were delivered or mailed to the owner at the time the material was delivered. It is argued that this item is taken from under the operation of the statute by reason of the fact that the owners lived upon the premises

and that a portion of the time Lindvall was working upon
the house into which the material went, and that therefore
they had adequate opportunity of knowing whether the ma-
terial had been delivered.   The statute (Laws 1911, ch. 45,
p. 71; Rem. & Bal. Code, § 1133), requires that, at the time
the material is furnished, there shall be delivered to or mailed
to the owner a duplicate statement of all such material, and
that no materialman's lien shall be filed or enforced unless
this requirement is conformed to.   We think the facts stated
are not sufficient to make unnecessary the delivery or mailing
of the duplicate statement.   The statute is mandatory.   And
the fact that the appellants knew, or had the opportunity
of knowing, that the material was furnished does not excuse
noncompliance with its terms.

In *Finlay v. Tagholm*, 62 Wash. 341, 113 Pac. 1083, it
is said:

"The statute, however, upon which the right to claim a
lien must depend, says 'that no materialman's lien shall be
filed or enforced unless the provisions of this act have been
complied with.'   The legislature has made no exception for
cases where the owners of the property have knowledge that
the material is being furnished."

And in *Finlay v. Tagholm*, 60 Wash. 539, 111 Pac. 782,
it is said:

"The law is that a duplicate statement shall be delivered
or mailed to the owner or reputed owner 'at the time' the ma-
terial is delivered to the contractor.   While a reasonable
time might be taken, in the absence of a positive showing
this court cannot say, as is contended by appellant, that a
few weeks' or a month's delay would be excused.   This would
defeat the law entirely, it being within itself a complete act
(*Spokane Grain & Fuel Co. v. Lyttaker*, 59 Wash. 76, 109
Pac. 316), and its purpose being, not so much to insure a
right of lien, as to protect property owners against dishonest
contractors."

See, also, *Robinson Mfg. Co. v. Bradley*, 71 Wash. 611, 129
Pac. 382; *Johnson v. Heirgood*, 72 Wash. 120, 129 Pac. 909.

The judgment in favor of the respondent Culbert will be affirmed.

As to the Springston Lumber Company, there will be deducted from the judgment entered in its favor the sum of $845, this total being made up of the $695 item and a reduction of $150 from the amount of the attorney's fee allowed. The trial court fixed the attorney's fee in the sum of $200; but inasmuch as there is no right of lien for the major portion of the amount specified in the judgment, the attorney's fee should be correspondingly reduced.

As to the Division Street Hardware Company, its lien may be foreclosed for the sum of $75.95.

The appellants will recover their costs in this court against the respondents Springston Lumber Company and the Division Street Hardware Company. The respondent Culbert will recover his costs against the appellants. The cause is remanded to the superior court with direction to enter judgment in accordance with the views herein expressed.

MOUNT, FULLERTON, ELLIS, and MORRIS, JJ., concur.