[No. 33871. Department One. March 7, 1957.]
[Petition for rehearing granted June 25, 1957.]

AL HAYES, *Appellant,* v. G. WELDON GWINN *et al.,*
*Respondents.*[1]

*Alvin J. Ziontz* and *Joseph B. Smith,* for appellant.

*Taylor & Taylor,* for respondents.

MALLERY, J.—Mr. and Mrs. E. D. Head contracted with G. Weldon Gwinn for the construction of a residence on Mercer Island. Plaintiff, Al Hayes, thereafter entered into

[1]Reported in 307 P. (2d) 1063.

an oral subcontract with Gwinn to furnish and install a radiant heating system in the floor. The plaintiff commenced to furnish the materials on February 12, 1955. He did not give the notice of commencing deliveries of materials that RCW 60.04.020 [*cf.* Rem. Rev. Stat., § 1133] requires in order to claim a materialman's lien for them. See *Hallett v. Phillips,* 73 Wash. 457, 132 Pac. 51. He stopped the work of installing the heating system in the building on May 10, 1955, after a dispute arose over delays in the performance of his contract and improper workmanship.

The next day, May 11, 1955, plaintiff met with general contractor Gwinn, E. D. Head being in attendance, to adjust their differences. It was then orally agreed that plaintiff's oral subcontract for furnishing and installing the heating plant would be terminated as of that date. The terms of the termination agreement were that Gwinn would pay plaintiff $1,027.50 for his materials and labor up to that time and would receive a credit on that sum of two hundred dollars by reason of his payment of that amount to Lloyd Christianson on behalf of plaintiff. The plaintiff was to furnish statements and lien releases from the several materialmen from whom he had procured the materials.

Plaintiff did not furnish any lien releases and commenced this action in June, 1955, for $1,745 as the value of the materials and labor due and unpaid *under the oral subcontract.*

The trial court found that defendant Gwinn was entitled to a further credit on the $1,027.50, agreed upon in the termination settlement, by reason of a subsequent payment of $350.19 on behalf of plaintiff. This left a balance of $477.31 due to plaintiff under the terms of the termination agreement. The court gave plaintiff judgment against Gwinn in that amount and dismissed defendants Head from the action upon the ground that plaintiff was not entitled to either the materialmen's lien or a labor lien. The plaintiff appeals.

■ The ground upon which the court disallowed the *materialmen's lien* for the heating-system material installed in the house, was the failure of appellant to give the statutory five-day notice to Head that he had commenced to deliver materials to the job. Appellant contends the court

erred in this for the reason that Head was present when materials were delivered and knew about it. We have held that this does not excuse giving the required notice. *Johnson v. Heirgood*, 72 Wash. 120, 129 Pac. 909. The only exception to the notice requirement of the statute is when the materials are sold directly to the owner of the premises. *Culbert v. Lindvall*, 73 Wash. 643, 132 Pac. 729; *Colby & Dickinson v. McCulloch*, 145 Wash. 561, 261 Pac. 86. The court was correct in denying the materialmen's lien.

The trial court denied appellant a *labor lien* because no labor performed at the job remained unpaid for at the time the action was commenced.

■ Appellant contends he is entitled to a *labor lien* for labor performed upon the material *before* it was delivered to the job. This labor was an item in the cost of the material for which the materialmen's lien was claimed and which failed for want of notice. It is true a *labor lien* does not require the five-day notice incident to a *materialmen's lien*, but this does not give a right to segregate labor items in a materialmen's lien and claim immunity for them from the notice requirement of the materialmen's lien.

This is the reason for the general rule which is that labor performed upon material before delivery is not lienable as a *labor lien*. *Baker v. Yakima Valley Canal Co.*, 77 Wash. 70, 137 Pac. 342. The trial court was correct in holding that appellant had no lien rights.

Appellant directs assignments of error to findings of fact made by the court. We hold they are supported by the record.

The judgment is affirmed.

HILL, C. J., SCHWELLENBACH, FINLEY, and OTT, JJ., concur.

June 25, 1957. Petition for rehearing granted.