[No. 1573–3. Division Three. May 2, 1977.]

JOHNSON'S WHOLESALE PLUMBING, INC., *Appellant,* v. TILMAN O. HOLLOWAY, ET AL, *Respondents.*

*Dale E. Kremer* and *Ryan, Swanson, Hendel & Cleveland,* for appellant.

*Robert J. Adolph* and *Short, Cressman & Cable,* for respondents.

MUNSON, C.J.—Appellant, Johnson's Wholesale Plumbing, Inc., brought an action to foreclose a materialman's lien. Appellant was granted a summary judgment against two defendants,[1] but the trial court granted NuWestern American, Inc.'s[2] motion to dismiss at the end of appellant's case and entered findings of fact and conclusions of law and a judgment in accordance therewith; this appeal followed. The sole issue is whether the notice requirement of RCW 60.04.020 applies to the material shipped after a telephone conversation with the general contractor, *i.e.,* was that a specific order by the owner? The trial court found there was no such order. We affirm.

NuWestern American, Inc. (NuWestern), the owner, contracted to have American Contracting and Design, Inc., build an apartment house in Spokane. Patrick R. Jeppesen owned almost all the stock of American Contracting and Design, Inc., and was a 25 percent stockholder and a director of NuWestern. One of the subcontractors, Tilman O. Holloway and his wife, d/b/a Joleda Plumbing & Heating

---

[1]Appellant was unable to execute on its judgment against Joleda Plumbing and Heating.

[2]Although the caption reads "New Western, Inc.", the proper name is NuWestern American, Inc.

(Joleda), had ordered from appellant materials to be used in the construction of the apartment house project. Appellant began shipping the materials on November 15, 1970, but did not give any notice to NuWestern until October 4, 1971. *Cf.* RCW 60.04.020. Appellant stopped shipment to Joleda in May 1971 for failure to receive payment for prior deliveries. When the goods failed to arrive, inquiry was made by an employee of Joleda. After several telephone conversations, Jeppesen talked directly to appellant's credit manager; after some discussion, Jeppesen assured appellant that payment for Joleda's materials would be no problem. Jeppesen testified that this assurance of payment was based upon his belief that there was sufficient retainage withheld from Joleda's contract to cover the cost of these materials. Appellant renewed the shipments to Joleda and billed Joleda for the cost of the materials. Although Joleda was later paid in full, appellant was never paid for the goods shipped subsequent to the telephone conversation. Appellant then sued NuWestern under the lien statute (RCW 60.04), recognizing that it had not met the statutory notice requirement but contending that Jeppesen's conversation constituted an order by NuWestern to appellant for the goods.

■■ Any right arising as part of a materialman's lien is a statutorily created right and will be strictly construed. *Dean v. McFarland,* 81 Wn.2d 215, 500 P.2d 1244 (1972); *Westinghouse Elec. Supply Co. v. Hawthorne,* 21 Wn.2d 74, 150 P.2d 55 (1944); *De Gooyer v. Northwest Trust & State Bank,* 130 Wash. 652, 228 P. 835 (1924). Generally, in order to claim the remedies under the materialman's lien statute, a materialman supplying materials to be used in the construction of a building must give written notice to the owner of that building that he is supplying such materials and that he intends to claim a lien. RCW 60.04.020. Appellant correctly asserts that an exception to this general rule exists if the owner or his agent orders the materials from the materialman. *Hayes v. Gwinn,* 49 Wn.2d 908, 307 P.2d 1063 (1957); *Brace & Hergert Mill Co. v. Burbank,* 87

Wash. 356, 151 P. 803 (1915).[3] In findings of fact properly challenged by the appellant, the trial court found (1) although Jeppesen did orally assure appellant a portion of Joleda's account would be paid if Joleda failed to pay it, the appellant "consistently sold, invoiced and delivered" its materials to Joleda; and (2) neither Jeppesen, NuWestern, American Contracting and Design, Inc., nor any of their agents had at any time ordered or purchased any materials or fixtures from appellant. These findings were supported by substantial evidence and are not subject to review or revision by this court. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

■ Appellant next contends that the effect of the phone conversation with Jeppesen was to establish an independent contract between appellant and NuWestern for the value of the goods delivered. Appellant acknowledges that a promise to pay the debt of another is within the statute of frauds (RCW 19.36.010), but argues that this conversation constituted a direct contract between the parties. Appellant explicitly relies upon *R.H. Freitag Mfg. Co. v. Boeing Airplane Co.,* 55 Wn.2d 334, 347 P.2d 1074 (1959). The trial court found to the contrary in finding of fact No. 4. That finding is supported by substantial evidence. Appellant, recognizing this possible consequence, seeks to have this court find an implied contract to purchase. *Ross v. Raymer,* 32 Wn.2d 128, 201 P.2d 129 (1948). It does not appear that this issue was raised at the trial court level and thus cannot

---

[3]This court is aware of *Robinson Tile & Marble Co. v. Samuels,* 147 Wash. 445, 266 P. 701 (1928), not cited by either party, but finds it not applicable here. In *Robinson* the materialmen had failed to give the owner the necessary notice and intent to claim a lien. The court, however, found that the owner had waived the right to notice and was estopped from requiring the statutory notice because the owner had been present at the time the materials were delivered and had discussed with the materialmen the payment for such materials.

Johnson's Plumbing failed to plead, argue or present evidence that would support a determination that NuWestern had waived its right to notice and was not estopped from requiring the statutory notice. No evidence was presented that indicated that Jeppesen or NuWestern had actual notice that plumbing materials were delivered after the telephone conversation between Jeppesen and appellant's credit manager.

be considered on appeal. *Matthias v. Lehn & Fink Prods. Corp.*, 70 Wn.2d 541, 424 P.2d 284 (1967).

Notwithstanding the above, the appellant has assigned error to the conclusion that he is "not entitled to have a lien imposed on the property of NuWestern American, Inc." Finding of fact No. 2, to which no error has been assigned, states that the last delivery by the appellant was made on August 16, 1971, and that the first written notice of delivery of materials was given on October 4, 1971. RCW 60.04.020 states in part:

[A] notice in writing, which notice shall cover the material, supplies or equipment furnished . . . during the sixty days preceding the giving of such notice as well as all subsequent materials, . . .

Appellant's answers to NuWestern's interrogatories, as found on page 55 of the first supplemental transcript, contain two invoices, one dated August 5, 1971, in the amount of $1,727.36, and another dated August 16, 1971, in the amount of $341.81. Both invoices are dated within the statutory period of "sixty days preceding the giving of such notice" and, at least prima facie, indicate that conclusion of law No. 4 may be in error as to that $2,069.17. *Cf. Building Supplies, Inc. v. Gillingham,* 17 Wn.2d 489, 135 P.2d 832 (1943). However, the record does not indicate whether these goods were shipped on the days of the billing or prior thereto. That void necessitates the remanding of this case for the determination of that issue and further a determination whether, based on those two invoices, a lien would be applicable.

The judgment is affirmed in all respects except as to the two invoices noted above; as to those two invoices, that judgment is reversed and the matter remanded for determination of whether the materials described within the invoices of August 5, 1971, and August 16, 1971, were furnished within the statutory period of the notice.

Green, J., concurs.

McINTURFF, J. (dissenting)—I respectfully disagree with my brothers' refusal to consider the full impact of *Robinson Tile & Marble Co. v. Samuels,* 147 Wash. 445, 266 P. 701 (1928), in the present case. Whether counsel cited this case to us or to the Superior Court is immaterial. As stated in *Maynard Inv. Co. v. McCann,* 77 Wn.2d 616, 623, 465 P.2d 657 (1970):

> Courts are created to ascertain the facts in a controversy and to determine the rights of the parties according to justice. Courts should not be confined by the issues framed or theories advanced by the parties if the parties ignore the mandate of a statute or an established precedent. A case brought before this court should be governed by the applicable law even though the attorneys representing the parties are unable or unwilling to argue it.

*See also Siegler v. Kuhlman,* 81 Wn.2d 448, 502 P.2d 1181 (1972).

The facts are not in dispute. Johnson's Plumbing, at the request of Joleda, began to supply materials to the project. When Joleda defaulted in payment, Johnson's Plumbing exercised its right and withheld additional shipments of materials. When the effect of this action caused a delay in the project, Mr. Jeppesen, who was sole stockholder of the general contractor as well as vice–president, director, shareholder and the only on–site general agent of the owner, NuWestern, contacted Johnson's Plumbing and assured it of payment if it would recommence the shipment of materials. *Based on this assurance,* Johnson's Plumbing recommenced shipment, but was never paid. When Jeppesen's assurance proved to be illusory, Johnson's Plumbing attempted to salvage the situation by giving the materialman's notice. Now NuWestern contends that the lien of Johnson's Plumbing is invalid because of its failure to give the materialman's notice timely. This contention offends the established principles of equity which govern construction lien foreclosures. *See Powell v. Nolan,* 27 Wash. 318, 67 P. 712, 68 P. 389 (1902). As stated in the

often cited case of *Carruthers v. Whitney*, 56 Wash. 327, 333, 105 P. 831 (1909):

> Estoppel is an equitable proceeding, or speaking more accurately perhaps, it is the equitable result of a wrongful proceeding or act, a reliance upon which would, in the absence of an estoppel, work an injustice to an innocent person. . . . The well–understood idea of equitable estoppel is that, where a person wrongfully or negligently by his acts or representations causes another who has a right to rely upon such acts or representations to change his condition for the worse, the party making such representations shall not be allowed to plead their falsity for his own advantage.

While I agree with the Superior Court that NuWestern did not originally order the materials, the facts of this case demand that NuWestern be estopped to raise the failure of Johnson's Plumbing to give timely notice for the materials furnished pursuant to the request of Jeppesen, its vice–president, director and 25 percent shareholder. As stated in *Robinson Tile & Marble Co. v. Samuels, supra* at 447:

> [T]he notice in these matters is intended for the protection of the owner; and the evidence in the instant case showing that the owner led the material furnisher into a position where it failed to give the statutory notice, the owner is now estopped from claiming that a notice was necessary after the other party, influenced by and relying upon his conduct, has changed its position to its injury.

*Cf. Colby & Dickinson v. McCulloch*, 145 Wash. 561, 566–67, 261 P. 86 (1927); *Architectural Decorating Co. v. Nicklason*, 66 Wash. 198, 200, 119 P. 177 (1911); *Rieflin v. Grafton*, 63 Wash. 387, 389–90, 115 P. 851 (1911); *R.H. Freitag Mfg. Co. v. Boeing Airplane Co.*, 55 Wn.2d 334, 340, 347 P.2d 1074 (1959).

Because the majority decision remands this matter for further consideration as to the efficacy of the October 4,

1974, notice, I would also ask the Superior Court to reconsider its decision in light of *Robinson.*

Petition for rehearing denied June 2, 1977.

Review denied by Supreme Court November 18, 1977.