[No. 21718-3-III. Division Three. January 6, 2004.]

LRS ELECTRIC CONTROLS, INC., *Plaintiff*, TYKO MECHANICAL, L.L.C., *Appellant*, v. HAMRE CONSTRUCTION, INC., ET AL., *Respondents*.

608

*Teresa A. Sherman* (of *Paukert & Sherman, P.L.L.C.*), for appellant.

*Dianne K. Rudman* (of *Brown & Rudman, P.S.*), *John C. Black* (of *Dunn & Black, P.S.*), and *Scott R. Smith*, for respondents.

SWEENEY, J. — This is a lien claim for materials supplied by a subcontractor on a public works project. The subcontractor, Tyko Mechanical, wants to recover against both the general contractor's bond (chapter 39.08 RCW) and the owner's retainage (chapter 60.28 RCW). The trial court denied claims on either because Tyko failed to give a preclaim notice of its intention to supply materials. We do not read either the retainage claim statute or the bond claim statute as requiring such a notice from this subcontractor supplying both labor and materials on site as part of its subcontract. We therefore reverse the trial court's holding to the contrary.

FACTS

Hamre Construction, Inc. remodeled Newport Community Hospital, a public hospital district. Hamre subcontracted some work to C&R Plumbing & Heating, Inc. C&R

in turn contracted with Tyko Mechanical for a lump sum of $16,500 to provide "all supervision, materials, labor, supplies and equipment" for the heating, ventilating and air conditioning work, including duct installation. Clerk's Papers (CP) at 25. Tyko invoiced C&R for both material and labor on August 7, 2001 and again on September 10, 2001.

Hamre paid $7,000 jointly to C&R and Tyko. Tyko received the full $7,000. Tyko then claimed against both the payment bond and the county's retainage for the balance due, $9,500, and ultimately sued on the claim. Hamre sent Tyko $2,628.22 and a partial lien release.

Hamre moved to dismiss Tyko's claims. It argued that RCW 39.08.065[1] and RCW 60.28.015[2] required Tyko to give notice of its intent to claim a material lien. The trial judge agreed and dismissed Tyko's claim for "all material supplied." CP at 193-94.

Tyko moved for summary judgment for the labor portion of its claim. The court concluded that Hamre's payments to Tyko satisfied the labor portion of its claim.

## DISCUSSION

### STANDARD OF REVIEW

■ The facts material to the resolution of this case are not disputed. The question before us is then one of law. And so our review is de novo. *Mains Farm Homeowners Ass'n v. Worthington*, 121 Wn.2d 810, 813, 854 P.2d 1072 (1993).

### CANONS OF CONSTRUCTION

■ Our purpose here is to identify and then give effect to the legislative intent. We, of course, start with the words in the statute. *Enter. Leasing, Inc. v. City of Tacoma*, 139

---

[1] RCW 39.08.065 requires preclaim notice of not later than 10 days after the date of the first delivery of materials in order to perfect a claim against the contractor's bond for those materials on public works projects.

[2] RCW 60.28.015 requires a preclaim notice that covers the material, supplies, or equipment furnished or leased during the 60 days preceding the notice in order to perfect a claim against the retained percentage on a public works project.

Wn.2d 546, 552, 988 P.2d 961 (1999) (quoting *State v. Sweet,* 138 Wn.2d 466, 477-78, 980 P.2d 1223 (1999)). In doing so we try to understand and give effect to all of the language in the statute. *Davis v. Dep't of Licensing,* 137 Wn.2d 957, 963, 977 P.2d 554 (1999). We then apply the statute as written; that is unless there is a clear contrary purpose. *Enter. Leasing,* 139 Wn.2d at 552 (citing *Sweet,* 138 Wn.2d at 478; *State v. Wilson,* 125 Wn.2d 212, 217, 883 P.2d 320 (1994)). We harmonize related statutory provisions to again try to find a consistent statutory scheme. *State v. Chapman,* 140 Wn.2d 436, 448, 998 P.2d 282 (2000).

NOTICE OF INTENTION TO CLAIM MATERIAL LIEN

The question here is whether RCW 39.08.065 obligates a subcontractor to file a preclaim notice to perfect a claim against the contractor's payment bond for material supplied by that subcontractor—not a third party materialman.

*Public Works Bond.* A general contractor on a public works project must execute and deliver a bond to the public agency for the protection of all laborers, mechanics, subcontractors, and materialmen performing the contract work. RCW 39.08.010. Those protected by the bond have a right of action against the bond. But a claim must be filed within 30 days from completion of the contract and acceptance of the public body. Tyko is a protected party under the statute and filed a claim on time. The dispute is over whether it must file a notice of intention to file a material lien, where no materials were furnished by a third party.

■ ■ *Preclaim Notice—RCW 39.08.065.* Tyko argues that RCW 39.08.065 applies only to those persons who *deliver* construction materials *to another* that has a subcontract to do work. Hamre responds that the statute applies to *everyone* who supplies materials and *does not contract directly* with the prime contractor. RCW 39.08.065 provides:

**Notice to contractor condition to suit on bond when supplies are furnished to subcontractor.** *Every person,*

firm or corporation *furnishing materials, supplies or provisions* to be used in the construction, performance, carrying on, prosecution or doing of any work for the state, or any county, city, town, district, municipality or other public body, *shall, not later than ten days after the date of the first delivery of such materials, supplies or provisions to any subcontractor or agent of any person, firm or corporation having a subcontract* for the construction, performance, carrying on, prosecution or doing of such work, deliver or mail to the contractor a notice in writing stating in substance and effect that such person, firm or corporation has commenced to deliver materials, supplies or provisions for use thereon, *with the name of the subcontractor or agent ordering or to whom the same is furnished* and that such *contractor and his bond will be held for the payment of the same,* and no suit or action shall be maintained in any court against the contractor or his bond to recover for such material, supplies or provisions or any part thereof unless the provisions of this section have been complied with.

(Emphasis added.)

We begin with the title: "Notice to contractor condition to suit on bond *when supplies are furnished to subcontractor.*" *Id.* (emphasis added). And we continue with the text which requires the name of the person *ordering* the supplies or to *whom the materials are provided.* So when this language is read in context, it persuasively suggests to us a legislative intent to require notice of an intent to claim a material lien only when materials are supplied by someone other than the subcontractor. The effect is then to allow the prime contractor to keep track of and make someone responsible for materials being ordered and delivered by third party materialmen—someone otherwise unknowable to the prime contractor. And it prevents a subcontractor who orders or receives materials—for whatever reason—from using those materials for some other project. "The purpose of the written notice is to enable the prime contractor to protect himself *against the obligations of the subcontractor,* so that he may not be compelled to pay *twice for the same materials.*" *Austin v. C.V. Wilder & Co.,* 65 Wn.2d 456, 458, 397 P.2d 1019 (1965) (emphasis added) (citing *Cascade Lumber*

*& Shingle Co. v. Wright*, 99 Wash. 421, 426, 169 P. 833 (1918)). If the notice is not filed, "the prime contractor is protected against a suit by a materialman of a subcontractor unless the prime contractor has waived his rights under the statute, or, by his action, misled the materialman." *Austin*, 65 Wn.2d at 458. The court in *Austin* interpreted RCW 39.08.065 as a statute intended to allay the concern that a subcontractor would obligate the project for materials ordered by a subcontractor when the materials supplier is unknown to the prime contractor. *Id.*

Hamre relies on *Heim v. Elliott*[3] for its argument that notice is required. Suffice it to say that the case relied on an earlier statute, Remington and Ballinger Code section 1133. The code provision at issue there is different in scope, purpose, and language.

We conclude then that the requirements of RCW 39-.08.065 do not apply to subcontractors who bring and install their own materials.

CLAIM AGAINST THE RETAINAGE

■ The next question is whether RCW 60.28.015 requires that a subcontractor file the same preclaim notice of intention to claim a material lien in order to perfect its claim against the retainage for materials it supplies.

*Retainage*. A public body (here the hospital) must reserve a sum not to exceed five percent of the total contract funds to be held in trust for the protection and payment of the claims of persons protected under the statute. RCW 60-.28.010(1). Protected claimants include "any person or persons, mechanic[s], subcontractor[s] or materialm[e]n who shall perform any labor upon such contract . . . and all persons who shall supply such person or persons or subcontractors with provisions and supplies for the carrying on of such work." *Id.* Tyko is protected by that act. Claimants create a lien on the retainage by properly filing notice. RCW 60.28.010; *see also* RCW 39.08.030 (claim requirements).

---

[3] 66 Wash. 361, 119 P. 826 (1911).

RCW 60.28.015 requires a preclaim notice similar to RCW 39.08.065 (bond statute). The required notice must include material, supplies, or equipment furnished or leased during the 60 days preceding the giving of such notice, as well as subsequent materials. RCW 60.28.015.

*Preclaim Notice—RCW 60.28.015.*

*Every person,* firm, or corporation *furnishing materials, supplies, or equipment to be used in the construction,* performance, carrying on, prosecution, or doing of any work for the state, or any county, city, town, district, municipality, or other public body, *shall give to the contractor of the work a notice* in writing, *which notice shall cover the material, supplies, or equipment furnished or leased during the sixty days preceding the giving of such notice as well as all subsequent materials, supplies, or equipment furnished or leased,* stating in substance and effect *that such person, firm, or corporation is and/or has furnished materials and supplies, or equipment for use thereon, with the name of the subcontractor ordering the same, and that a lien against the retained percentage may be claimed for all materials and supplies, or equipment furnished* by such person, firm, or corporation for use thereon, which notice shall be given by (1) mailing the same by registered or certified mail in an envelope addressed to the contractor, or (2) by serving the same personally upon the contractor or the contractor's representative and obtaining evidence of such service in the form of a receipt or other acknowledgement signed by the contractor or the contractor's representative, and no suit or action shall be maintained in any court against the retained percentage to recover for such material, supplies, or equipment or any part thereof unless the provisions of this section have been complied with.

RCW 60.28.015 (emphasis added).

The statute then obligates those who provide materials "for use [ ]on" the project to give notice to the contractor that "a lien against the retained percentage *may* be claimed" for those materials. *Id.* (emphasis added). But again, the language of the statute suggests to us that the materials, of concern, are those coming from some third party: "with the name of the subcontractor ordering the

same." *Id.* So, like the language of RCW 39.08.065, a subcontractor on site supplying both labor and materials is not covered by the requirement of preclaim notice.

ATTORNEY FEES

 "A party may recover attorney fees and costs on appeal when granted by applicable law." *Or. Mut. Ins. Co. v. Barton*, 109 Wn. App. 405, 418, 36 P.3d 1065 (2001), *review denied*, 146 Wn.2d 1014 (2002); RAP 18.1. Hamre's request for fees and costs is denied.

We reverse the judgment as to the bond and the retainage claim.

BROWN, C.J., and KATO, J., concur.